FULTON v PONTIAC GENERAL HOSPITAL

Docket Nos. 92204, 93862. Submitted March 24, 1987, at Detroit. Decided June 15, 1987. Leave to appeal applied for.

Sheila Fulton, as personal representative of the estate of Guy Fillipin, deceased, brought on December 27, 1984, in Oakland Circuit Court a malpractice action against Pontiac General Hospital and Oakland County Medical Care Facility, alleging that negligent treatment of the decedent at each of the facilities contributed to decedent's death. On November 1, 1985, Pontiac General Hospital moved for summary disposition on the basis of governmental immunity. The trial court, Norman L. Lippitt, J., granted the motion, but permitted plaintiff the opportunity to amend her complaint to include a breach of contract count. Plaintiff filed an amended complaint. Oakland County Medical Care Facility moved for summary disposition on the grounds of governmental immunity as to the malpractice count and the absence of any showing of a breach of contract as to the contract count. Summary disposition on both counts was granted to the Oakland County Medical Care Facility. Summary disposition in favor of Pontiac General Hospital on the breach of contract count was granted on the basis that plaintiff had failed to support by affidavits or otherwise the allegations of breach of contract. Plaintiff appealed.

The Court of Appeals held:

1. A public general hospital or medical facility is not entitled to governmental immunity from tort liability where the tort action against the hospital or medical facility was commenced

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 20-25.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 27 et seq.; 83.

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

Validity and construction of statute or ordinance limiting the kinds or amount of actual damages recoverable in tort action against governmental unit. 43 ALR4th 19.

Validity and construction of contract exempting hospital or doctor from liability for negligence to patient. 6 ALR3d 704.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

prior to January 22, 1985, and the question of governmental immunity was not properly raised and preserved by that date. Accordingly, the trial court erred in granting summary disposition to the defendants on the malpractice count.

2. The trial court properly granted summary disposition with respect to the breach of contract claim. Since defendants' motions were brought pursuant to the subrule relating to disposition where there exists no genuine issue of fact and defendants denied the breach of any contract, either express or implied, plaintiff was required under the court rules to set forth, by affidavit or otherwise, specific facts to establish the existence of contracts and the breach of the same. The failure of plaintiff to provide any evidence indicating that implied contracts existed, apart from the mere allegations contained in the complaint, justified the granting of summary disposition in favor of defendants on the breach of contract count.

Affirmed in part, reversed in part and remanded.

1. GOVERNMENTAL IMMUNITY — PUBLIC HOSPITALS.

A public general hospital or medical facility may not claim governmental immunity where a tort action against the hospital or medical facility is commenced prior to January 22, 1985, and the question of governmental immunity is not properly raised and preserved by that date.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT — AFFIDAVITS.

The party opposing a motion for summary disposition on the basis that there exists no genuine issue of material fact may not rest upon the mere allegations or denial in the pleadings, but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue for trial (MCR 2.116[C][10], 2.116[G][4]).

*Rifkin & Kingsley, P.C.* (by *Lori D. Weisberg*), for plaintiff.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin* and *Michael R. Janes*), for Pontiac General Hospital.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dane A. Lupo* and *Mary R. Benedetto*), for Oakland County Medical Care Facility.

Before: Wahls, P.J., and R. M. Maher and J. T. Kallman,* JJ.

Per Curiam. Plaintiff, Sheila Fulton, as the personal representative of the estate of Guy Fillipin, deceased, filed a medical malpractice suit against defendants, Pontiac General Hospital and Oakland County Medical Care Facility, in the Oakland Circuit Court in December, 1984. From grants of summary disposition in favor of defendants, plaintiff now brings this consolidated appeal as of right. We affirm in part and reverse in part.

On June 5, 1983, plaintiff's decedent was admitted to Pontiac General Hospital (PGH) after suffering injuries in an automobile accident. He was discharged from that hospital on June 24, 1983, and was subsequently admitted to Oakland County Medical Care Facility (OCMCF). Plaintiff alleged in her complaint that her decedent was the unfortunate recipient of negligent medical care at both hospitals and that, as a result of that negligence, decedent suffered, among other things, decubitus ulcers on his body, which contributed to his death on February 21, 1984.

Oakland Circuit Judge Norman Lippitt, in response to a motion filed on November 1, 1985, granted summary disposition to PGH, apparently pursuant to MCR 2.116(C)(10)—no genuine issue as to any material fact and the moving party is entitled to judgment or partial judgment as a matter of law—on the ground that PGH was entitled to governmental immunity from tort liability under the governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.* However, plaintiff was given thirty days in which to amend her complaint to state a claim for breach of contract against defendants. An amended complaint

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was filed in January, 1986, and six weeks later OCMCF filed a motion for summary disposition on the grounds of its entitlement to governmental immunity and the absence of any breach of contract with plaintiff's decedent. Judge Lippitt granted summary disposition in full to OCMCF. In June, 1986, he also granted summary disposition to PGH based on plaintiff's failure to support her allegations of breach of contract.

First, we must determine whether the circuit court erred in this case by applying retroactively *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). It is clear that plaintiff's complaint, filed on December 27, 1984, was brought prior to *Ross*, which was decided on December 28, 1984, and released on January 22, 1985, and that defendants' motions for summary disposition based on governmental immunity were filed after *Ross*. Prior to *Ross*, the Supreme Court had held in *Parker v Highland Park*, 404 Mich 183; 273 NW2d 413 (1978), that activities conducted by a municipally owned general hospital providing medical services to the public for fees do not constitute a governmental function and therefore are not entitled to immunity. In *Ross*, the Supreme Court substantially changed the landscape, significantly clarifying the law of governmental immunity. Specific tests were enunciated by the *Ross* Court for use in determining the extent of immunity from tort liability available to governmental entities and officers under statute and common law. The Court, however, did not state whether its new rules were to be applied to pending cases. The circuit court in this case, applying *Ross* retroactively, granted motions for summary disposition in favor of both hospital defendants.

Subsequent to the circuit court's orders in favor

of defendants in this case, the Supreme Court issued its decision in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). In *Hyde,* the Court explained that *Ross* was to have a "limited retroactive application," defined as follows:

> [T]he rules articulated in *Ross* should be applied to all cases commenced after the date our opinion was issued (January 22, 1985), and to those cases pending either in trial or appellate courts on that date which properly raised and preserved a governmental immunity issue. [426 Mich at 241.]

As Justice LEVIN's dissent in *Hyde* suggests, this apparently straightforward rule may cause some confusion in application regarding pre-*Ross* cases filed while *Parker* was still recognized in Michigan as good law; however, this case does not create such confusion. Since this action was pending in the trial court on January 22, 1985, *Ross* would be applicable only if the issue of governmental immunity had been raised and properly preserved by that date. Our review of the record reveals that that issue was not raised until after January 22, 1985. On November 1, 1985, PGH first moved for summary disposition on the ground that it was entitled to governmental immunity from tort liability. In its motion and memorandum filed in support of the motion, PGH relied heavily on *Ross* and on pre-*Parker* precedent. PGH's list of affirmative defenses, filed with its answer to plaintiff's complaint, did not raise the issue of governmental immunity. Moreover, OCMCF did not file its motion for summary disposition based on governmental immunity until February 18, 1986, and it also did not specifically raise the issue in its list of affirmative defenses filed with its answer to plaintiff's complaint, although it did file an amended affirma-

tive defense on May 10, 1985, which raised the issue. Thus, the issue of governmental immunity was not properly raised and preserved by defendants prior to January 22, 1985.

The issue was also not raised by plaintiff prior to January 22, 1985. In language concerning one of the consolidated cases decided by the *Hyde* Court, *Powers v Peoples Community Hospital Authority,* the Court applied *Ross* retroactively because the plaintiff herself in that case had raised the issue of governmental immunity—or, more accurately, had raised the issue of the lack of governmental immunity—in her complaint.

In *Powers,* the complaint, as in the instant case, had been filed after *Parker* but before *Ross,* and defendant's motion for summary judgment based on governmental immunity had been filed only after *Ross* was released. The Court nevertheless found the *Ross* rules applicable in *Powers,* reasoning, in a footnote, as follows:

> This [post-*Ross* summary judgment motion] was the first time that the PCHA had raised the "defense" of governmental immunity. However, the PCHA's failure to raise the issue in its first responsive pleading did not waive it. See footnote 35. Plaintiff's complaint, filed prior to *Ross,* contained sufficient facts to raise a governmental immunity issue, or more specifically, a lack thereof. The complaint indicated that the PCHA operated a public general hospital, which was not entitled to immunity from tort liability pursuant to *Parker.* Moreover, paragraph two alleged that the PCHA was a profit-making institution. This allegation was sufficient to invoke the statutory "proprietary function" exception. [426 Mich 236, n 7.]

Footnote 35, referenced in the above footnote, further explains:

> Unlike other claims of immunity, sovereign and governmental immunity are not affirmative defenses, but characteristics of government which prevent imposition of tort liability. *Ross, supra; Galli* [*v Kirkeby,* 398 Mich 527, 541, n 5; 248 NW2d 149 (1979)]; *McCann v Michigan,* 398 Mich 65, 77, n 1; 247 NW2d 521 (1976). Compare MCR 2.111(F)(3)(a). [426 Mich 261, n 35.]

Thus, although not expressly stated in *Hyde*, the Supreme Court is apparently of the opinion that the rule of limited retroactivity enunciated in *Hyde* permits the issue of governmental immunity to be "properly raised and preserved" solely by a plaintiff's pleading sufficient facts to raise the issue of the lack of a defendant's entitlement to governmental immunity. This would seem to penalize a pre-*Ross* plaintiff for his comprehensiveness in pleading, thus resulting in the ironic result that other plaintiffs who were perhaps less diligent and complete in drafting their pleadings, and who therefore kept silent on the issue of the absence of any bar to their claims due to governmental immunity, may yet reap the benefit of the *Parker* rule. Thus, such a strict application of the *Hyde* limited retroactivity rule would appear to create some injustice. *Summum jus summa injuria*— strict law is sometimes the greatest injustice.

In this case, however, either by means of fortuity, prescience or serendipity, plaintiff has bypassed the problem posed in *Powers* by failing to have raised in her complaint facts in avoidance of governmental immunity. Accordingly, since the issue was not raised by any party prior to January 22, 1985, we hold that *Parker* applies and that plaintiff's suit against defendants cannot be barred by *Ross*. We therefore reverse the circuit court's grants of summary disposition to each of the de-

fendants based on this issue and remand the case for proceedings not inconsistent with this opinion.

Since the circuit court also granted summary disposition to defendants· on plaintiff's contract claim, we also discuss whether reversal is warranted on that issue. Defendants were successful in obtaining orders for summary disposition on this issue under MCR 2.116(C)(10) on the basis that plaintiff had failed to offer any affidavits or other evidence as required by MCR 2.116(G)(4) in support of her contract claim against defendants. A motion for summary disposition based on the lack of a genuine issue of material fact tests whether there is factual support for the claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of any reasonable doubt to the opposing party, the court must determine whether the kind of record which might be developed would leave open an issue upon which reasonable minds might differ. *Ambro v American National Bank & Trust Co of Michigan,* 152 Mich App 613, 620; 394 NW2d 46 (1986). This Court is liberal in finding a genuine issue of material fact. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973).

As the party opposing summary judgment, plaintiff had the burden of showing that a genuine issue of disputed fact existed. *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985); *Ambro, supra.* MCR 2.116(G)(4) specifies that when a motion under subrule (C)(10) is made and supported as provided in subrule (G)(4) the opposing party may not rest upon mere allegations or denials in his or her pleadings but must, by affidavits or other documentary evidence, set forth specific facts showing that there is a genuine issue for trial. It further provides that if the opposing party does

not so respond, judgment, if appropriate, shall be entered against him or her. In this case, plaintiff alleged that defendants either expressly or impliedly contracted with plaintiff's decedent to provide medical care and treatment "in accordance with the standard of practice of this community and/or similar communities," and that they breached that commitment while providing such medical care and treatment to plaintiff's decedent. Plaintiff herein failed to provide any evidence indicating that an implied contract existed, relying instead on mere allegations and denials. We agree with the trial court that this was not enough to avoid the grants of summary disposition based on the absence of any material fact. At the hearing on OCMCF's motion, the following colloquy took place between the circuit judge and plaintiff's counsel:

> *The Court:* Can I ask you a question?
> *Ms. Weisberg:* Yes.
> *The Court:* Did you file any kind of affidavit or document to establish that were [sic] was an implied contract?
> *Ms. Weisberg:* I don't believe there have been any affidavits filed at this time. However, we have, I believe, mentioned in the pleadings the implied contract.

Under these circumstances, we cannot find the circuit court's grants of summary disposition under subrule (C)(10) regarding plaintiff's contract claim to be erroneous.

Moreover, plaintiff's reliance on language from the portion of the *Ross* opinion concerning a consolidated case addressed in that opinion, *Rocco v Dep't of Mental Health,* is misplaced. In the *Rocco* portion of *Ross,* the Court stated that a plaintiff's contract claim should not be dismissed merely

because it restates the allegations contained in a tort count against a governmentally immune defendant. In *Rocco,* however, the motion for summary disposition regarding plaintiff's contract claim was based on GCR 1963, 117.2(1), now MCR 2.116(C)(8)—failure to state a claim on which relief can be granted. Under a motion filed under that subrule, the legal basis alone of the complaint is tested, not whether the claim can be factually supported. *Ross, supra,* p 647. Indeed, under that subrule, plaintiff's allegations are accepted as true, as are any conclusions that may reasonably be drawn therefrom, and the motion must be denied unless the claim is so clearly unenforceable *as a matter of law* that no factual development could justify a right to recover. Since defendants' motions in this case were based on subrule (C)(10), however, the factual support for plaintiff's claim was in issue. Under subrule (C)(8), plaintiff could have relied on her allegations alone to avoid the grant of summary disposition; under subrule (C)(10), she could not.

In conclusion, we find that the circuit court erred in granting summary disposition in favor of defendants on the basis of governmental immunity, but did not err in granting summary disposition in favor of defendants on the basis of plaintiff's contract claim. Accordingly, we affirm in part, reverse in part, and remand the case for proceedings not inconsistent with this opinion.