FREIBURGER v DEPARTMENT OF MENTAL HEALTH

Docket No. 90618. Submitted January 21, 1987, at Lansing. Decided July 7, 1987.

Kenneth Hicks died from a self-inflicted gunshot wound to the head shortly after being released from the Lafayette Clinic, a facility operated by the Department of Mental Health. Brenda Freiburger, as personal representative of the decedent's estate, brought an action in the Court of Claims against the Department of Mental Health and Lafayette Clinic, alleging that the admission application signed by the decedent constituted an implied agreement between defendants and the decedent to provide appropriate care and treatment for the decedent and that the premature discharge of the decedent was a breach of that contract. The trial court, Carolyn Stell, J., granted summary disposition in defendants' favor, ruling no genuine issue of material fact existed and defendants were entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. An implied contract must satisfy the elements of mutual assent and consideration.

2. Defendants have a statutory duty to provide services to all persons in need of mental health services regardless of their ability to pay. In view of this preexisting duty, there was no consideration for the contract alleged in this case, much less a breach of that contract.

Affirmed.

1. PLEADING — IMPLIED CONTRACTS.

A plaintiff fails to state a claim based on an implied contract

REFERENCES

Am Jur 2d, Contracts §§ 18 *et seq.*; 85 *et seq.*

Am Jur 2d, Restitution and Implied Contracts §§ 20 *et seq.*

Liability of mental care facility for suicide of patient or former patient. 19 ALR4th 7.

Recovery against physician on basis of breach of contract to achieve particular result or cure. 43 ALR3d 1221.

See also the annotations in the Index to Annotations under Charitable Immunity.

theory where he does not plead facts sufficient to satisfy the elements of mutual assent and consideration.

2. Mental Health — Department of Mental Health — Duty to Provide Services.

The Department of Mental Health and the facilities it operates have a duty imposed by statute to provide services to all persons-in need of mental health services regardless of their ability to pay; a person who receives services from the department or the facilities it operates may not claim an implied contract for his care and treatment, nor a breach of that contract, because the element of mutual consideration has not been satisfied and no such contract exists (MCL 330.1810; MSA 14.800[810]).

*Goren & Baker, P.C.* (by *Robert Goren*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Mark S. Meadows,* Assistant Attorneys General, for defendants.

Before: M. J. Kelly, P.J., and Sawyer and M. R. Knoblock,* JJ.

Sawyer, J. Plaintiff's decedent died as the result of a self-inflicted gunshot wound to the head on October 31, 1983, three days after he was released from the Lafayette Clinic. The clinic is run by defendant Department of Mental Health. Thereafter, plaintiff, decedent's wife, filed the instant action against defendants. Plaintiff's complaint sounded in contract, alleging that defendants breached their contract with the decedent to provide appropriate care and treatment.

Defendants moved for summary disposition under MCR 2.116(C)(10), alleging that there was no genuine issue of material fact. Following a hear-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing, the trial court granted defendants' motion. Plaintiff now appeals and we affirm.

Plaintiff argues that the admission application signed by the decedent constituted an implied agreement between defendants and the decedent to provide appropriate care and treatment for the decedent. As with any other contract, an implied contract must satisfy the elements of mutual assent and consideration. This Court discussed the elements of an implied contract in *Lowery v Dep't of Corrections,* 146 Mich App 342, 359; 380 NW2d 99 (1985):

> [A] contract based on implication must still satisfy the elements of mutual assent and consideration, *Spruytte v Dep't of Corrections,* 82 Mich App 145; 266 NW2d 482 (1978). In *Spruytte,* the Court found that no implied bailment contract could be found to exist because (1) there was no mutual assent since the procedure for bailment of property upon incarceration was required as an aspect of prison management and control, and (2) there could be no finding of consideration since defendant was performing a preexisting duty.

Thus, if defendants had a preexisting duty to provide the decedent with treatment, there can be no consideration for plaintiff's alleged contract and, therefore, no contract. MCL 330.1810; MSA 14.800(810) establishes an obligation for defendants to provide services to all persons in need of mental health services, regardless of their ability to pay. Therefore, defendants had a preexisting duty to provide the decedent with mental health services. Accordingly, plaintiff's alleged contract was not supported by consideration. Thus, the trial court correctly granted summary disposition on plaintiff's claim.

This case does, however, illustrate the difficulty

faced by bench and bar in distinguishing between those cases in which there is a viable contract claim in addition to a tort claim from those cases in which there is only a tort claim. This distinction is particularly important where, as here, the tort claim is precluded by governmental immunity and the plaintiff's ability to recover is dependent on the viability of the contract claim.

The Supreme Court, in *Rocco v Dep't of Mental Health,* a companion case to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), specifically recognized that, in an appropriate case, a plaintiff may successfully plead contract in avoidance of governmental immunity:

> We recognize that plaintiffs have and will attempt to avoid § 7 of the governmental immunity act by basing their causes of action on theories other than tort. Trial and appellate courts are routinely faced with the task of determining whether the essential elements of a particular cause of action have been properly pleaded and proved. If a plaintiff successfully pleads and establishes a non-tort cause of action, § 7 will not bar recovery simply because the underlying facts could have also established a tort cause of action. [*Ross, supra* at 647-648.]

Clearly, a specific factual scenario may support both tort and contract claims. See and compare *Hawkins v McGee,* 84 NH 114; 146 A 641 (1929). However, just because there is a tort claim does not mean that there is automatically a contract claim. By the same token, however, a particular case which appears to be primarily one which sounds in tort may have, lurking beneath the facts, a contract action waiting to be pled. Once we dispose of the tort claim by applying the govern-

mental immunity doctrine, we may ignore the tort aspect of the case and concentrate on whether the facts also support a contract claim.

While the pleading of a breach of contract may be sufficient to survive summary disposition for failure to state a claim,[1] not every tort case has the necessary facts to establish a breach of contract. The instant case is such a situation. Because of the failure of consideration, as discussed above, there is no enforceable contract. It was, and is, merely a tort case.

Because of our resolution of the above issue, it is unnecessary to consider plaintiff's remaining issue, whether defendants breached the alleged contract by prematurely discharging the decedent.

Affirmed. No costs.

---

[1] MCR 2.116(C)(8). Indeed, this is why plaintiff's reliance on *Rocco, supra,* is misplaced. In *Rocco,* summary disposition was granted for failure to state a claim, which both this Court and the Supreme Court reversed. In the case at bar, since summary disposition was granted for no genuine issue of material fact, we look beyond plaintiff's pleadings to determine whether, when looking at the facts in the light most favorable to plaintiff, there are facts to support a contract claim. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).