## LI v WONG

Docket No. 93688. Submitted August 10, 1987, at Grand Rapids. Decided September 9, 1987.

Chen Li, who was a passenger in an automobile involved in a collision at an intersection in the City of Ann Arbor, brought an action in Washtenaw Circuit Court against the automobile's owner, Chu-Fen Wong, the driver of the other automobile involved in the accident, the City of Ann Arbor and its transportation director and operations engineer. Plaintiff alleged negligence on the part of the city and its employees in the maintenance and repair of the traffic signal located at the intersection where the accident occurred and alleged intentional nuisance against the same defendants, claiming that the traffic signal light was improperly programmed to change before allowing an adequate time for traffic to cross the intersection. The trial court, William F. Ager, Jr., J., granted summary disposition in favor of defendants city and city employees, ruling that plaintiff's negligence claim was barred by the statute of limitations and that plaintiff, in her efforts to plead an intentional nuisance claim, had merely restated her negligence claim. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly ruled that plaintiff's negligence claim under the defective-highways exception to governmental immunity was not brought within the two-year period provided by statute. Without ruling on whether the statute may be tolled until such time as a plaintiff knows or should have known of a possible cause of action, the Court of Appeals held that plaintiff's cause of action for negligence accrued at the time of the accident or shortly thereafter because the basis of

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Limitation of Actions §§ 397 *et seq.*

Am Jur 2d, Nuisances §§ 19 *et seq.*; 228 *et seq.*

Am Jur 2d, States §§ 99 *et seq.*

What limitation periods apply under 28 USCS § 2415 to government suits. 31 ALR Fed 348.

See also the annotations in the Index to Annotations under Nuisances.

plaintiff's claim, i.e., that the traffic light was improperly timed, could readily be observed during or shortly after the accident.

2. However, the trial court erred in dismissing the intentional nuisance claim. Plaintiff sufficiently alleged facts which, if proved, may establish that the improper timing of the traffic signal light constituted a nuisance and that the city and its employees intended to create and continue the condition constituting a nuisance.

Affirmed in part, reversed in part and remanded.

1. LIMITATION OF ACTIONS — HIGHWAYS — NEGLIGENCE — GOVERNMENTAL LIABILITY.

The statutory period of limitations for a claim against a governmental agency arising out of the negligent maintenance of highways is two years (MCL 691.1411; MSA 3.996[111]).

2. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL LIABILITY.

A governmental agency is not immune from tort liability for a claim of intentional nuisance where it is established that the condition complained of is a nuisance and the governmental agency intended to create the condition.

*Pauline R. Rothmeyer,* for plaintiff.

*Ronald J. Plunkett,* for City of Ann Arbor, Kenneth Feldt and John Robbins.

Before: SAWYER, P.J., and SULLIVAN and E. M. THOMAS,* JJ.

SAWYER, J. The instant case arises out of an automobile accident which occurred in 1983 in which plaintiff was a passenger in the front seat of a vehicle driven by defendant Chou Yu-Feng Wong and owned by defendant Chu-Fen Wong, who was a passenger in the back seat at the time of the accident. According to plaintiff's complaint, defendant Chou Yu-Feng Wong drove through a red light at the intersection of Pontiac Trail and Barton Drive in Ann Arbor, striking the vehicle

_____
* Recorder's Court judge, sitting on the Court of Appeals by assignment.

driven by defendant Becky J. Belknap. Apparently, defendant Wong saw the light change but decided it would be unsafe to attempt to stop and, according to plaintiff, negligently attempted to proceed through the intersection.

Plaintiff commenced this action on March 11, 1986, alleging, inter alia, negligence on the part of defendants City of Ann Arbor, John Robbins, the city's transportation director, and Kenneth Feldt, the city's operations engineer, in the maintenance and repair of the traffic signal located at the intersection. Plaintiff further claimed that defendant city had created and maintained a nuisance by improperly timing the light.

Defendants city, Robbins, and Feldt moved for summary disposition on the grounds that plaintiff's suit, filed two years and ten months after the accident, was barred by the applicable two-year statute of limitations and that plaintiff had not given the city a verified notice of her injuries pursuant to MCL 691.1404; MSA 3.996(104). Thereafter, by leave of the court, plaintiff amended her complaint and alleged that her injuries were caused in part by the city's deliberate and intentional acts of setting the timing of the signal, which constituted an intentional nuisance. The trial court thereafter heard defendants' motion for summary disposition and ruled that plaintiff's negligence action was barred by the applicable statute of limitations and that plaintiff's pleadings did not constitute a nuisance claim, but were a mere restatement of her negligence cause of action.

Plaintiff now appeals and we reverse with respect to the intentional nuisance claim.

Plaintiff first argues that her negligence claim is not barred by the two-year statute of limitations set forth in MCL 691.1411(2); MSA 3.996(111)(2)

because the statutory period was tolled until she discovered her cause of action. We disagree.

The period of limitations for claims arising under the statutory defective-highways exception to governmental immunity is two years. MCL 691.1411(2); MSA 3.996(111)(2). The statute does not provide for a discovery rule. However, case law has created a so-called discovery rule which provides that a claim does not accrue until the plaintiff knows or should have known that he has a possible cause of action. *Bonney v The Upjohn Co,* 129 Mich App 18; 342 NW2d 551 (1983).

We are not aware of any decision which has extended the discovery rule to defective-highway cases. However, we do not believe it necessary to determine whether it is appropriate to extend the discovery rule to this class of cases as we believe that, even if the discovery rule were applicable to the case at bar, plaintiff's suit would nevertheless be barred under the statute of limitations. More specifically, we believe that plaintiff knew or should have known that she had a cause of action based upon the defective signal light at the time of or soon after the accident itself.

Plaintiff's theory of a defective highway is based upon the signal light's being improperly timed. Plaintiff claims that she did not discover that the light was improperly timed until reading an article concerning the problem in the local newspaper. However, we believe that plaintiff could have discovered the improper timing of the light prior to reading the newspaper article inasmuch as the timing of the light could not be regarded as a closely held secret. Indeed, by the very nature of a signal light, the timing of the light would be displayed for all the world to see merely by passing through or near the intersection. Thus, plaintiff could have returned to the intersection later

on the day of the accident and observed the functioning of the signal light and discovered whether the light was improperly timed. While the local newspaper article may have brought to public attention a fact which the public had previously ignored, the article did not bring to the public awareness a fact previously held secret.

Accordingly, even if the discovery rule were to be applied to this case, since plaintiff could have discovered the timing of the light immediately after the accident, plaintiff's claim accrued even under the discovery rule at the time of the accident. Accordingly, the trial court correctly concluded that plaintiff's suit based upon the defective-highways statute was barred by the statute of limitations.

Plaintiff's next argument, however, is meritorious. Plaintiff claims that she properly pled an action of intentional nuisance and pled facts in avoidance of immunity. We agree. In plaintiff's amended complaint, she charged that the city created an intentional nuisance by programming and maintaining a traffic signal at the intersection of Pontiac Trail and Barton Drive. Her well-pled allegations of intentional nuisance read as follows:

57. That the City of Ann Arbor maintains a traffic signal at the intersection of Pontiac Trail and Barton Drive in the City of Ann Arbor which is programmed by employees of the City to cycle the traffic signals in a certain manner, that the programming is an intentional act and this act creates a condition at that intersection which is hazardous to those who used [sic] the intersection and to Plaintiff in particular, and as such creates a nuisance;

58. That the programming to set the cycle is a deliberate intentional act on the part of the city that causes hazardous condititions [sic] for users of

the highway including the plaintiff passenger in that it does not allow adequete [sic] time for drivers to traverse the intersection.

59. That the Defendants created and continued that condition causing a nuisance with the full knowledge that harm to plaintiff's interests was substantially certain to follow, and refused to correct said condition; and refused to warn the users of the highway that the condtion [sic] existed.

60. That the City of Ann Arbor intentionally maintianed [sic] a nuisance at the above described intersection;

The trial court incorrectly dismissed plaintiff's intentional nuisance claim as being a mere restatement of her negligence claim. The trial court erred in failing to recognize that a given factual scenario may give rise to more than one cause of action. *Freiburger v Dep't of Mental Health,* 161 Mich App 316; 409 NW2d 821 (1987). As the *Freiburger* Court noted, just because a particular case may primarily sound in one cause of action does not exclude the possibility that there also exists a less obvious cause of action. *Id.* at 319. Thus, where a plaintiff may plead more than one cause of action, one of which avoids governmental immunity and the other does not, or, for that matter, where one avoids the period of limitations and the other does not, the plaintiff is entitled to plead all causes of action and proceed on those which survive statutory or procedural bars. It is not sufficient for the trial court to dismiss all claims merely because they resemble one of the claims which is barred. Simply put, the trial court erred by stating that plaintiff's intentional nuisance claim was a mere restatement of her negligence claim and dismissing the suit because the negligence claim was barred by the statute of limitations. Rather, the court's duty once it determined that the negligence claim was not viable was to proceed to determine whether plaintiff had,

in fact, stated a viable intentional nuisance claim. See *Freiburger, supra* at 319-320. For the reasons that follow, we conclude that plaintiff did, in fact, state a viable intentional nuisance claim.

The Supreme Court has recognized that an intentional nuisance constitutes an exception to the doctrine of governmental immunity. *Rosario v Lansing,* 403 Mich App 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). Furthermore, this Court has determined that the intentional nuisance exception to governmental immunity survived the Supreme Court's decision in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). *Garcia v City of Jackson,* 152 Mich App 254, 259; 393 NW2d 599 (1986). To establish an intentional nuisance, the plaintiff must show that (1) the condition is a nuisance and (2) the government intended to create the condition. *Garcia, supra* at 260.[1]

Plaintiff's amended complaint pleads both elements of an intentional nuisance. The complaint alleges that the programming of the traffic light constitutes a nuisance and that defendants intentionally created and continued the light as programed. Thus, plaintiff did, in fact, plead the existence of an intentional nuisance. Therefore, summary disposition on this issue was inappropriate. Accordingly, the matter must be remanded to the trial court to proceed to trial on the intentional nuisance claim.

Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. No costs, neither party having prevailed in full.

---

[1] To the extent that *Garcia* notes a possible conflict on what constitutes an intentional nuisance, *id.* at n 1, we align ourselves with *Garcia* as being the correct interpretation of Supreme Court precedent.