## SCAMEHEORN v BUCKS

Docket No. 93145. Submitted May 6, 1987, at Grand Rapids. Decided
    March 21, 1988. Leave to appeal denied, 430 Mich 885.

    Christopher W. Scameheorn, while a passenger on a motorcycle
operated by Robert L. Bucks, was injured in a collision involv-
ing the motorcycle and a truck driven by Douglas J. Hauch.
The accident occurred on a sidewalk of River Valley High
School. Both Bucks and Hauch were operating their vehicles on
the sidewalk in order to avoid "speed bumps" on the driveway
of the high school. Scameheorn brought an action in the
Berrien Circuit Court against Bucks, Hauch, the River Valley
School District and several individuals employed by the River
Valley School District. The trial court, Ronald J. Taylor, J.,
granted summary disposition in favor of the school district and
its employees, finding no merit in plaintiff's claims that the
speed bumps constituted a dangerous or defective condition of a
public building and that their existence constituted an inten-
tional nuisance. Plaintiff appealed.

    The Court of Appeals *held:*

    1. Summary disposition of the dangerous or defective public
building claim was proper. The trial court correctly concluded
that the speed bumps were not defective because they were fit
for their intended use in maintaining lower speeds on the
driveway. It was the misuse of the speed bumps which led to
plaintiff's injuries.

    2. Summary disposition of the intentional nuisance claim was
proper. Plaintiff's allegations failed to establish the existence of

REFERENCES

Am Jur 2d, Nuisances §§ 19 *et seq.*; 34, 35.

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Legal aspects of speed bumps. 60 ALR4th 1249.

Liability in connection with injury allegedly caused by defective
    condition of private road or driveway. 44 ALR3d 355.

Tort liability of private schools and institutions of higher learning
    for accidents due to condition of buildings, equipment, or outside
    premises. 35 ALR3d 975.

Tort liability of public schools and institutions of higher learning
    for accidents due to condition of buildings or equipment. 34
    ALR3d 1166.

an intentionally created nuisance. While plaintiff alleged that the school district became aware that motorists drove on the sidewalk prior to plaintiff's accident and further that the school district knew or had reason to know that it created a dangerous condition, nothing in plaintiff's complaint suggests that defendant either acted for the purpose of causing harm or knew that harm was substantially certain to follow.

3. The trial court correctly concluded that the school district is not vicariously liable for the alleged tort of its employees since plaintiff has failed to establish that the speed bumps and their placement and maintenance by the employees are within the dangerous or defective public building exception to governmental immunity.

4. The addition and maintenance of the speed bumps by the defendant school district employees was a discretionary-decisional act for which the employees are entitled to governmental immunity.

Affirmed.

SAWYER, J., concurred with the majority's rejection of plaintiff's arguments under the defective building exception to governmental immunity, but dissented from the majority's holding regarding the intentional nuisance claim. Judge SAWYER would hold that, to establish intentional nuisance, a plaintiff must merely show that the defendant intended to create the condition found to be a nuisance, and not that the defendant intended to create a nuisance. In this case, with plaintiff having alleged that defendants intended to create the condition claimed to be a nuisance and with the question whether that condition is in fact a nuisance being one for the trier of fact, Judge SAWYER would reverse and remand for trial on the intentional nuisance claim.

1. GOVERNMENTAL IMMUNITY — DEFECTIVE BUILDINGS.

A governmental agency is subject to liability for a dangerous or defective condition of a public building; a dangerous or defective condition may exist because of improper design, faulty construction, or the absence of safety devices (MCL 691.1406; MSA 3.996[106]).

2. GOVERNMENTAL IMMUNITY — DEFECTIVE BUILDINGS.

Whether a part of a public building is dangerous or defective is to be determined in light of the use or purpose that part is intended to serve; the existence of a defect and its relation to the injuries alleged by a plaintiff are to be determined by the trier of fact (MCL 691.1406; MSA 3.996[106]).

3. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY.

A plaintiff, in order to establish a claim of intentional nuisance against a governmental agency, must show that there is a condition which is a nuisance and that the agency intended to create that condition; a plaintiff must show that the agency which created or continued the nuisance knew or must have known that harm to plaintiff was substantially certain to follow as a result of its actions.

4. GOVERNMENTAL IMMUNITY — VICARIOUS LIABILITY.

A governmental agency can be held vicariously liable in tort when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception to governmental immunity.

5. GOVERNMENTAL IMMUNITY — LOWER-LEVEL OFFICIALS.

Lower-level governmental officials, employees and agents are immune from tort liability only when they are (1) acting during the course of their employment, or reasonably believe they are acting within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts.

*Seymour-Conybeare Law Office* (by *John C. Johnson* and *Bruce C. Conybeare*), and *Gruel, Mills, Nims & Pylman* (by *William F. Mills*), of Counsel, for plaintiff.

*Fisher, Troff & Fisher* (by *L. David Lawson*), for defendants River Valley School District, Donald Bussler, Steven Lenar, David VanGinhoven and Charles Williams.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

CYNAR, P.J. Plaintiff appeals as of right from an April 15, 1986, judgment and order of summary disposition on the basis of governmental immunity entered in favor of defendants-appellees River Val-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ley School District, Charles Williams, David Van-
Ginhoven, Donald Bussler and Steven Lenar.

The facts, as alleged in plaintiff's pleadings, are
as follows: On or about April 29, 1985, at 7:45 A.M.,
plaintiff was a passenger on a motorcycle driven
by defendant Robert L. Bucks, Jr., on the driveway
of the River Valley High School. The operator of
the motorcycle drove onto the sidewalk adjacent to
the driveway so as to avoid the "speed bumps" in
the school driveway. At the same time, defendant
Douglas J. Hauch was approaching from the oppo-
site direction in his truck, which was also driven
on the sidewalk to avoid the speed bumps. A
collision resulted and plaintiff suffered serious in-
juries.

As a result thereof, plaintiff filed a complaint on
July 19, 1985. Thereafter, plaintiff filed two
amended complaints. The second amended com-
plaint alleged as to defendant River Valley that a
dangerous or defective condition had been created
or maintained at the high school due to the speed
bumps. In addition, plaintiff alleged that the exis-
tence of the speed bumps constituted an inten-
tional nuisance or nuisance per se and that River
Valley was vicariously liable for the acts of em-
ployees Williams, VanGinhoven, Bussler and Le-
nar.

On February 4, 1986, defendants-appellees filed
their motion for summary disposition alleging im-
munity from liability on the basis of MCL
691.1407; MSA 3.996(107). On April 15, 1986, fol-
lowing the hearing on the motion held on March
25, 1986, the trial court granted defendants-appel-
lees' motion. Plaintiff filed a motion for reconsider-
ation, which was denied on May 27, 1986. The
instant appeal ensued.

Plaintiff raises four issues on appeal. First, he
argues that the lower court erred in granting

summary disposition in favor of River Valley on the basis that the public buildings exception to governmental immunity, MCL 691.1406; MSA 3.996(106), was inapplicable. We do not agree.

Defendants' motion was brought pursuant to MCR 2.116(C)(7), (8) and (10). The judgment which granted defendants' motion does not state the subrule(s) under which it was issued.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify the right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den sub nom *E R Squibb & Sons, Inc v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984); *Stewart v Isbell,* 155 Mich App 65, 74; 399 NW2d 440 (1986).

In contrast, a summary disposition motion under MCR 2.116(C)(10) based on the lack of a genuine issue of material fact tests whether there is factual support for the claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of any reasonable doubt to the nonmoving party, the court must determine whether the type of record which might be developed would leave open an issue upon which reasonable minds might differ. *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987). This Court is liberal in finding a genuine issue of material fact. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). Where immunity from

suit is at issue, the complaint must plead facts in avoidance of immunity. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976); *Veeneman v Michigan,* 143 Mich App 694, 697-698; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986).

Plaintiff argues that the factual assertions in his second amended complaint show the existence of a "defective sidewalk/configuration or structure which encouraged motorists to drive on the sidewalk to avoid 'speed bumps' in the driveway." Plaintiff claims that these allegations state a claim within the public buildings exception to immunity. In addition, plaintiff claims as error the trial judge's determination that there was no defective or dangerous condition on the school grounds since this finding is a factual one within the province of a jury.

In *Bush v Oscoda Area Schools,* 405 Mich 716, 730-732; 275 NW2d 268 (1979), a majority of the Supreme Court agreed on several principles governing the application of the "defect in a public building" exception. A dangerous or defective condition may exist because of improper design, faulty construction, or the absence of safety devices. The question regarding whether a part of a building is dangerous or defective is to be determined in light of the use or purpose that part is intended to serve. The existence of a defect and its relation to the alleged injuries are to be determined by the trier of fact.

This Court has held that, where the claim of liability arises not from a defect or dangerous condition in the building or its premises but from a failure to properly supervise activities conducted in the building or on its premises, the exception is inapplicable. *Grames v King,* 123 Mich App 573, 577; 332 NW2d 615 (1983), modified on other grounds 422 Mich 887 (1985); *Lee v Highland Park*

*School Dist,* 118 Mich App 305, 309; 324 NW2d 632 (1982), lv den 422 Mich 902 (1985).

In this case, the trial court considered the pleadings, affidavits and depositions in making its determination regarding the public buildings exception. The trial judge concluded that the speed bumps were not defective because they were fit for their intended use. Instead, it was the misuse by plaintiff of the speed bumps which led to his injuries.

We concur in the trial court's findings. The speed bumps were placed on the driveway in order to maintain lower speeds. The accident occurred not as a result of some defect in the speed bumps. It resulted when Bucks tried to avoid using the speed bumps for their intended purpose. Thus, summary disposition was proper.

Plaintiff also argues that the speed bumps constituted an intentional nuisance since drivers tended to use the sidewalk to avoid them and this fact was known to the school district. Moreover, plaintiff claims, a factual issue was made out as to whether the school district created or maintained an intentional nuisance.

To establish an intentional nuisance claim against a governmental agency, a plaintiff must show that there is a condition which is a nuisance and that the agency intended to create that condition. *Guilbault v Dep't of Mental Health,* 160 Mich App 781, 788; 408 NW2d 558 (1987). In *Garcia v City of Jackson,* 152 Mich App 254, 259-260; 393 NW2d 599 (1986), Judge R. B. Burns of our Court discussed this concept. Citing *Rosario v Lansing,* 403 Mich 124, 142; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149, 161-162; 268 NW2d 525 (1978), Judge Burns provided the following definition of a "nuisance":

"In order to find an intentional nuisance, the

trier of fact must decide based upon the evidence presented that the government agency intended to bring about the conditions which are in fact found to be a nuisance. This finding comports with the definition of intentional nuisance set forth in *Denny v Garavaglia,* 333 Mich 317, 331; 52 NW2d 521 (1952):

> " 'A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance.' " [152 Mich App 260.]

There are two conflicts in this Court regarding nuisance claims. The first conflict centers on whether an omission may constitute an intentional nuisance or whether an affirmative act is required. The two conflicting cases are *Furness v Public Service Comm,* 100 Mich App 365, 370; 299 NW2d 35 (1980) (holding that an omission or failure to act does not constitute an intentional nuisance), and *Landry v Detroit,* 143 Mich App 16, 25; 371 NW2d 466 (1985) (holding that a failure to act constitutes intentional nuisance).

The second conflict deals with what a plaintiff must show to establish the necessary intent for an intentional nuisance in fact. This conflict has been certified to the Supreme Court. In *Ford v Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979), citing *Rosario* and *Gerzeski,* this Court held that a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to plaintiff was substantially certain to follow as a result of defendant's actions.

However, in *Veeneman, supra,* p 699, this Court held that an intentional nuisance is one created by conduct intended to bring about conditions which are in fact found to be a nuisance. The *Garcia*

Court acknowledged this conflict and chose to follow *Veeneman*.

However, we choose to follow *Ford*. In our opinion, the allegations in plaintiff's complaint failed to establish the existence of an intentionally created nuisance. While plaintiff alleged that the school district became aware that motorists drove on the sidewalk prior to this accident and further that the school district knew or had reason to know that it created a dangerous condition, nothing in plaintiff's complaint suggests that defendants either acted for the purpose of causing harm or knew that harm was substantially certain to follow. We conclude that there is no genuine issue of material fact as to this claim, and the trial court correctly granted summary disposition.

We also reject plaintiff's contention that River Valley is liable on a theory of respondeat superior for the tortious acts of its agents and employees. The Supreme Court in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 625; 363 NW2d 641 (1984), set forth the narrow conditions under which a governmental agency may be vicariously liable for the acts of its employees:

> A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception. The agency is vicariously liable in these situations because it is in effect furthering its own interests or performing activities for which liability has been statutorily imposed. However, if the activity in which the tortfeasor was engaged at the time the tort was committed constituted the exercise or discharge of a governmental function (*i.e.,* the activity was expressly or impliedly mandated

or authorized by constitution, statute, or other law), the agency is immune pursuant to § 7 of the governmental immunity act. See *Hirych v State Fair Comm,* 376 Mich 384, 391-393; 136 NW2d 910 (1965), and *Sherbutte v Marine City,* 374 Mich 48, 50; 130 NW2d 920 (1964) (city cannot be held vicariously liable for torts of its police officers committed during the course of an arrest because the officers were engaged in police activity, which is a governmental function entitled to immunity).

The second amended complaint alleged that River Valley employees were acting during the course of their employment and within the scope of their authority in placing and maintaining the speed bumps. Since we found no public building exception or intentional nuisance, plaintiff has not shown a governmental immunity exception.

Finally, plaintiff argues error in the grant of summary disposition as to defendants Williams, Bussler, Lenar and VanGinhoven on the basis of immunity. Plaintiff claims that the addition and maintenance of the speed bumps constituted a ministerial, rather than a discretionary, act. We do not agree.

In *Ross,* our Supreme Court held that lower level governmental officials, employees and agents are immune only when they are (1) acting during the course of their employment, or reasonably believe they are acting within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts. *Ross, supra,* pp 633-634.

In our opinion, the addition and maintenance of the speed bumps was a discretionary-decisional act for the purpose of alleviating speeding in the driveway. This indicates that the decision required "personal deliberation, decision, and judgment," *Ross, supra,* p 634, all of which are characteristics

of discretionary acts. Thus, the individual defendants were immune.

Affirmed.

J. S. THORBURN, J., concurs in result only.

SAWYER, J. *(concurring in part and dissenting in part).* While I agree with the majority's rejection of plaintiff's arguments under the defective building exception to governmental immunity, I am unable to agree with its disposition of the intentional nuisance issue. Therefore, I dissent from that portion of the opinion.

As the majority points out, there is a conflict in the decisions of our Court over the elements of intentional nuisance. While all the cases look to Justice MOODY's opinions in *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), the cases differ in their interpretation of Justice MOODY's teachings.

The line of cases led by *Ford v Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979), interpret Supreme Court precedent on the issue of the intent element of intentional nuisance as follows:

> To establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions. *Rosario, supra* at 143, fn 2 and *Gerzeski, supra* at 161-162.

However, a different interpretation of Justice MOODY's opinion has been reached by other panels, most notably *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986), and *Garcia v City of Jackson,* 152 Mich

App 254; 393 NW2d 599 (1986). In *Garcia, supra* at 259-260, Judge R. B. BURNS quoted *Rosario* and concluded that the *Veeneman* panel was correct in its conclusion on the issue:

> We now turn our attention to the question of what a plaintiff must show to establish an intentional nuisance. Justice MOODY's opinion in *Rosario, supra,* p 142, set forth the following definition:
>
> "In order to find an intentional nuisance, the trier of fact must decide based upon the evidence presented that the governmental agency intended to bring about the conditions which are in fact found to be a nuisance. This finding comports with the definition of intentional nuisance set forth in *Denny v Garavaglia,* 333 Mich 317, 331; 52 NW2d 521 (1952):
>
> " 'A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance.' "

> Justice MOODY again quoted from *Denny* in his opinion in *Gerzeski. Gerzeski, supra,* pp 161-162. A plaintiff must show that (1) the condition is a nuisance and (2) the government intended to create the condition.[1]

---

[1] We note that a conflict exists in this Court over this issue. Compare *Ford v Detroit,* 91 Mich App 333; 283 NW2d (1979), with *Veeneman, supra.* We believe that *Veeneman* more accurately interprets *Rosario* and *Gerzeski* and that Justice MOODY's opinions in those two cases remain the best statement from the Supreme Court on the issue.

---

As can be seen from the above quotations, the difference in the *Ford* standard and the *Veeneman-Garcia* standard is that *Ford* requires the plaintiff who pleads intentional nuisance to estab-

lish that the defendant intended to create a nuisance. On the other hand, *Veeneman* and *Garcia* require only that the plaintiff establish that the defendant intended to create the condition which the jury later finds to constitute a nuisance. Obviously, the *Ford* standard is much more difficult to meet.

I concur with my former colleague, the learned Judge R. B. BURNS, that the standard set down by Justice MOODY and, for that matter, in the Supreme Court's opinion in *Denny* is that, to establish intentional nuisance, the plaintiff must merely show that the defendant intended to create the condition found to be a nuisance, not that the defendant intended to create a nuisance as the *Ford* Court would have us believe.[1]

I believe that Justice MOODY clearly articulated

---

[1] In fairness to the *Ford* Court and its progeny, their erroneous standard was not cut out of whole cloth. Rather, it arises from *Ford's* misplaced reliance on a footnote in Justice MOODY's opinion in *Rosario* which discussed Professor Prosser's thoughts on the subject. The nature of the *Ford* Court's mistake was succinctly discussed in Judge JASPER's well-written concurring opinion in *Carney v Dep't of Transportation*, 145 Mich App 690, 704; 378 NW2d 574 (1985):

> Further research evidences how *Ford* arrived at its standard. In *Rosario*, the Supreme Court provided a footnote which served as an observation of what Professor Prosser said regarding nuisances. See *Rosario, supra*, p 143, fn 2. Seizing this language, the Court in *Ford* held that that was what a plaintiff had to prove in his or her intentional nuisance case against the government. However, the Court in *Ford* went a step further and also cited *Gerzeski* as stating the same proposition. However, nowhere in the *Gerzeski* opinion does this or similar language appear, much less at the pages cited in *Ford*. In fact, at the page numbers cited in *Ford v Detroit* with reference to *Gerzeski*, the Supreme Court's concurring justices [MOODY and WILLIAMS] restated the proof requirement they articulated earlier in *Rosario*, as follows:
>
> " 'A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance.' " *Gerzeski, supra*, pp 161-162. See, also, *Rosario, supra*, p 142. (Quoting from *Denny v Garavaglia*, 333 Mich 317, 331; 52 NW2d 521 [1952].)

that the standard for establishing an intentional nuisance is the "intent to create the condition" standard and not the "intent to create a nuisance" standard. Since the *Veeneman-Garcia* standard, and not the *Ford* standard, correctly applies Supreme Court precedent,[2] I cannot join the majority inasmuch as it incorrectly applies the *Ford* rationale.[3] Turning to the facts of the case at bar, plaintiff alleged that defendants intended to create the condition, namely the speed bump.[4] The question of whether the speed bump is, in fact, a nuisance must be determined by the trier of fact. *Veeneman, supra* at 699. Accordingly, I believe that plaintiff is entitled to proceed to trial on his intentional nuisance claim.[5]

---

Judge JASPER then went on and pointed out that the above standard was applied by the *Gerzeski* Court, not the standard articulated in *Ford*.

[2] This Court is bound by the doctrine of stare decisis. Recently, the Supreme Court tersely reminded us that it is inexcusable for this Court to fail to apply Supreme Court precedent. See *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987). Although Justice MOODY was writing for a plurality in *Rosario* and *Gerzeski*, and thus his opinion in not binding under the stare decisis doctrine, the *Denny* opinion upon which Justice MOODY relied is binding under the doctrine because it is the last decision of the Supreme Court which defined the standard to be applied in intentional nuisance cases. It is not appropriate for this Court to speculate on whether the Supreme Court will change the applicable standard when it hands down a decision in *Veeneman*. See, e.g., *Mitchell, supra.* It is manifest error for this Court to follow the *Ford* decision since *Ford* misinterprets Supreme Court precedent. Since we must apply the law as it exists and not as we believe it should be or how the Supreme Court might someday reinterpret the law, it is not an option for this Court to continue to follow *Ford* until and unless the Supreme Court overrules *Denny*.

[3] I acknowledge that it is inaccurate to refer to a "*Veeneman-Garcia*" standard as it is actually a "*Rosario-Gerzeski*" standard. However, I use the "*Veeneman-Garcia*" nomenclature to identify the line of cases which do not share the *Ford* Court's reading of *Rosario* and *Gerzeski*.

[4] Indeed, since I am not aware of any mechanism by which a speed bump can arise without human assistance and design, clearly someone at sometime had to intend to create the speed bump.

[5] It has been brought to my attention that the position I take in the

For the above reasons, I would reverse and remand the case for trial on the intentional nuisance claim.[6]

case at bar, in preferring the *Veeneman-Garcia* standard over the *Ford* standard, appears to be inconsistent with my position in the per curiam opinion in *Eyde Brothers Development Co v Roscommon Co Bd of Rd Comm'rs,* 161 Mich App 654; 411 NW2d 814 (1987). The appearance is correct as *Eyde Brothers* does follow the *Ford* standard. I can only explain this by saying that I should not have signed the *Eyde Brothers* opinion so long as it employed the *Ford* standard. In my authored opinion in *Li v Wong,* 162 Mich App 767, 773; 413 NW2d 493 (1987), I indicated that the *Veeneman-Garcia* standard was correct. This is the position I hold now and have always held. To the extent that I permitted my name to be associated with the *Ford* standard in the *Eyde Brothers* case, I clearly erred.

[6] I do, however, agree with the majority that the individual defendants are immune as their actions in deciding to place speed bumps and the configuration the bumps would take is discretionary/decisional. Thus, I would remand only the issue of the school district's liability under the intentional nuisance theory.