■ CHARLES J. ALFANO, Respondent, v FIRST NATIONAL BANK OF HIGHLAND, Appellant. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered September 20, 1984 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant in 1969 and was discharged by a unanimous vote of the board of directors in August 1983. During that time, he served in a number of different capacities, most notably as a vice-president. His last appointment as a vice-president was by the board of directors on May 10, 1983 "to serve at the pleasure of the board". At that time, as a vice-president, plaintiff was the special assistant to the chairman of the board. On July 8, 1983, he was assigned as manager of defendant's branch office in the City of Poughkeepsie, Dutchess County.

Plaintiff commenced this action pursuant to the theory approved by the Court of Appeals in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). Defendant moved for summary judgment, which was denied. This appeal followed.

It is not necessary to discuss the merits of the *Weiner* case or its doctrine, except briefly. *Weiner* held that, under certain circumstances, an employee without any written or definite contract could recover damages from the employer for wrongful discharge. The pivotal issue here is whether the nature of plaintiff's appointment or employment permits him to bring such an action.

Defendant is a national bank. Its bylaws in effect on August 26, 1983, which were adopted pursuant to the National Bank Act, provided "[a]ny officers, however, may be removed at any time by the Board of Directors, or his authority suspended by the Board of Directors, with or without cause." There also was an "Officers Code of Conduct" available to all officers, which made further reference to the above section of the bylaws and stated that "all officers of the bank serve on an annual basis at the

pleasure of the Board". Plaintiff, on three separate occasions, signed an acknowledgment that he had received a copy of the code and that he understood the matter contained therein.

Plaintiff bases his claim, however, upon an employee handbook entitled "Your Career at the First National Bank", which originated in 1980. Applications for employment contained language advising applicants that compliance with the rules and regulations of the handbook would be required. The handbook described certain counseling procedures required to be taken prior to termination of employment. Those procedures were not followed in the case of plaintiff's termination. Defendant contends that the handbook does not apply to plaintiff for the reason that he was an officer, as distinguished from an employee, of the bank. Although plaintiff does not concede the inapplicability of the handbook to officers, he contends that he was not an officer at the time of his termination. He contends that he was nothing more than a manager of a branch bank.

Special Term concluded that a question of fact existed as to whether plaintiff was, at the time of his discharge, an officer who could be discharged at will under 12 USC § 24 (Fifth) or merely an employee subject to defendant's internal procedure regarding employee termination. It is clear that a national bank cannot contract with an officer to retain him in his position as an officer for a definite term with no possibility of discharge (*see, Copeland v Melrose Natl. Bank,* 229 App Div 311, *affd* 254 NY 632; *see also, Armano v Federal Reserve Bank of Boston,* 468 F Supp 674, 676). A national bank remains free, under 12 USC § 24 (Fifth), to dismiss an officer at will, and any contract between a national bank and one of its officers that attempts to restrict this power of the bank violates the statute and is unenforceable (*Copeland v Melrose Natl. Bank, supra,* pp 312-313). This Federal statute (12 USC § 24 [Fifth]) preempts all State law and it alone governs in those instances in which officers of national banks are dismissed (*Wiskotoni v Michigan Natl. Bank-West,* 716 F2d 378, 387; *see Bollow v Federal Reserve Bank,* 650 F2d 1093, 1098, *cert denied* 455 US 948 [involving a Federal reserve bank rather than national bank]).

It is uncontroverted that plaintiff was elected by defendant's board of directors on May 10, 1983. With his status as an officer left undisturbed by the board of directors, plaintiff's duty assignment was changed to that of manager of defendant's Poughkeepsie branch office in July 1983. Other of defendant's officers, including one senior vice-president, one vice-president and three assistant vice-presidents, were also working as branch managers. Thus, merely by assigning him to be a branch manager,

defendant did not thereby dismiss him as an officer. His same salary and benefits continued. He could be appointed an officer only by the directors and he could be removed from office only by the directors. He remained an officer until his termination by the direction of the board of directors at their meeting on August 26, 1983.

We conclude that no issue of fact remains and that defendant should have been granted summary judgment dismissing the complaint. Although summary judgment may not be granted if there is any significant doubt whether a triable issue of fact exists (*Phillips v Kantor & Co.,* 31 NY2d 307, 311), it must be granted in the absence of a bona fide showing of evidentiary facts requiring a trial (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). The fact that a vice-president of a bank is an officer of the bank is unchallenged herein. The fact that only the board of directors may appoint an officer or remove an officer is also unchallenged. The uncontradicted evidence was that plaintiff's latest appointment by the board of directors was on May 10, 1983 to the office of vice-president and that his termination was pursuant to a vote of the board of directors taken on August 26, 1983. Opposed to the uncontroverted evidence, plaintiff only offered conclusory statements which did not create an issue of fact.

Order reversed, on the law, with costs, motion granted and complaint dismissed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.