AMBRO v THE AMERICAN NATIONAL BANK AND TRUST
COMPANY OF MICHIGAN

Docket No. 79678. Submitted May 7, 1985, at Grand Rapids. Decided
June 17, 1986.

For twenty-one years prior to July 30, 1982, Michael J. Ambro,
Jr., had been employed by American National Holding Com-
pany, a national bank holding company, or one of the holding
company's subsidiary banks. On July 30, 1982, Ambro was
discharged from his employment as a senior vice president of
American National Bank. Ambro brought a wrongful discharge
action in Kalamazoo Circuit Court, naming as defendants both
the bank and the holding company and alleging breach of
contract, negligence and failure to exercise good faith. Defen-
dant bank moved for summary judgment on the basis that
plaintiff's claim of wrongful discharge was barred by a provi-
sion of the National Bank Act which preempted state wrongful
discharge remedies by empowering boards of directors of na-
tional banks with the right to discharge bank officers at the
pleasure of the board. The holding company moved for sum-
mary judgment on the basis that there was no genuine issue of
material fact and that it was entitled to judgment as a matter
of law because it was not plaintiff's employer. The trial court,
Charles H. Mullen, J., granted summary judgment in favor of
each defendant on the basis of federal preemption under the
National Bank Act. Plaintiff appealed. *Held:*

1. The provision in the National Bank Act empowering the
board of directors of a national bank to discharge the bank's
officers at the board's pleasure has been held to preempt state
wrongful discharge remedies. This preemption operates not
only with respect to claims based directly upon breach of
contract but also on claims based on negligence or lack of good
faith, since even those theories of recovery are premised on an

REFERENCES

Am Jur 2d, Banks §§ 14-16, 77, 80.
Am Jur 2d, Pleading §§ 230 *et seq.*
Am Jur 2d, Summary Judgment §§ 26, 27.
See the annotations in the ALR3d/4th Quick Index under Banks
and Banking; Discharge From Employment.

ability of the bank to contractually obligate itself not to discharge an officer except for good cause, a contractual obligation which the provision in the National Bank Act has been held to prohibit. Accordingly, summary judgment was properly granted in favor of defendant bank.

2. The National Bank Act and its provisions are not applicable to a bank holding company, and the National Bank Holding Company Act contains no provision similar to the discharge provision in the National Bank Act. Accordingly, summary judgment on the basis of federal preemption was not properly granted in favor of the holding company.

3. Plaintiff's pleading raised a sufficient question of fact as to whether he was actually an employee of the holding company at the time of his discharge to preclude summary judgment in the holding company's favor on the basis that it was entitled to judgment as a matter of law because plaintiff was not its employee.

Affirmed in part; reversed in part.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the claim as determined from the pleadings alone; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn therefrom, and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. BANKS AND BANKING — BANK OFFICERS — DISCHARGE FROM EMPLOYMENT — NATIONAL BANK ACT — FEDERAL PREEMPTION.

The provision in the National Bank Act which provides that officers of a national bank may be discharged at the pleasure of the bank's board of directors acts to preempt state actions for wrongful discharge; a vice president of a national bank is precluded from seeking damages for his allegedly wrongful discharge, whether the claim is based on a breach of contract, negligence or failure to exercise good faith, since any of those claims is premised upon the assumption that the bank can, by contract, bind itself to a contract which provides that the officer of the bank will be discharged for good cause only and the discharge at pleasure provision of the National Bank Act prevents a national bank from making such a contractual obligation (12 USC 24).

3. Banks and Banking — Bank Officers — Discharge from Employment — National Bank Holding Act — Federal Preemption.

> The National Bank Holding Act, unlike the National Bank Act, does not contain a provision mandating that the discharge of officers of a bank holding company be at the pleasure of the holding company's board of directors; accordingly, state remedies for wrongful discharge are not preempted with respect to the discharge of a bank holding company officer (12 USC 1841 *et seq.*).

4. Motions and Orders — Summary Judgment — Issue of Material Fact.

> A motion for summary judgment for lack of a genuine issue of material fact tests the factual support for the plaintiff's claim; the trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence, and if the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ, the motion should be denied (GCR 1963, 117.2[3]).

*Murray & Guikema* (by *Henry L. Guikema*), for plaintiff.

*Deming, Hughey, Lewis, Keiser, Allen & Chapman, P.C.* (by *Stephen M. Denenfeld*), for defendants.

Before: Shepherd, P.J., and R. M. Maher and W. R. Peterson,* JJ.

Per Curiam. Plaintiff appeals as of right from a trial court order granting defendants' motions for summary judgment.

American National Holding Company is the sole shareholder of several banks, including American National Bank. For twenty-one years prior to July 30, 1982, plaintiff was employed by the holding company and/or its subsidiary banks. At the time

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of his allegedly wrongful discharge, plaintiff was a senior vice president of American National Bank.

Plaintiff's amended complaint alleges three theories of recovery in his wrongful discharge action against both the bank and the holding company: (1) breach of contract; (2) negligence; and (3) failure to exercise good faith. Plaintiff alleged that he was led to believe that his employment would be terminated only for cause.[1]

The bank filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), on the ground that plaintiff's claims were barred by § 24 of the National Bank Act, 12 USC 24. The holding company sought summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), on the ground that there were no genuine issues of material fact and that the holding company was entitled to judgment as a matter of law because it was not plaintiff's employer. The trial court granted both defendants' motions for summary judgment, but did so under Rule 117.2(1), believing that § 24 of the National Bank Act applied to the holding company as well as the bank.

A motion for summary judgment for failure to state a claim upon which relief can be granted is designed to test the legal sufficiency of the claim as determined from the pleadings alone. All fac-

---

[1] In his complaint, plaintiff averred:

[P]laintiff was led to believe by defendants' actions and policies that his employment with defendants would not be terminated by defendants, or either of them, unless his job performance was not in keeping with defendants' standards applicable to the positions which plaintiff held and, further, that if plaintiff's performance did not meet defendants' standards, corrective measures would be taken and, further, that if his job or position were eliminated he would be offered another position for which he was qualified.

tual allegations are accepted as true along with any inferences or conclusions which may fairly be drawn therefrom. The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Attard v Adamczyk,* 141 Mich App 246, 248-249; 367 NW2d 75 (1985).

12 USC 24 sets forth the authority of directors of national banks with regard to employment of bank officers:

> Upon duly making and filing articles of association and an organization certificate *a national banking association* shall become, as from the date of the execution of its organization certificate, a body corporate, and as such, and in the name designated in the organization certificate, it *shall have power*—
>
> Fifth. To elect or appoint directors, and *by its board of directors to appoint a* president, *vice president,* cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, *dismiss such officers or any of them at pleasure,* and appoint others to fill their places. [Emphasis added.]

This provision has been consistently construed by state and federal courts to preempt state law governing employment relations between a national bank and its officers and to deprive a national bank of the power to employ its officers other than "at pleasure." *Wiskotoni v Michigan National Bank-West,* 716 F2d 378, 387 (CA 6, 1983),[2] citing *Bollow v Federal Reserve Bank of*

---

[2] In *Wiskotoni,* the court held that § 24 of the National Bank Act did not preempt state law because Wiskotoni was neither appointed nor dismissed by the bank's board, and therefore, was not considered an "officer" of the bank for purposes of § 24. Plaintiff does not raise this issue in the instant case.

*San Francisco,* 650 F2d 1093, 1097, n 3 (CA 9, 1981); *Westervelt v Mohrenstecher,* 76 F 118, 121 (CA 8, 1896); *Kemper v First National Bank in Newton,* 94 Ill App 3d 169; 418 NE2d 819 (1981). See also, *Alfano v First National Bank of Highland,* 111 AD2d 960; 490 NYS2d 56 (1985). In *McGeehan v Bank of New Hampshire, NA,* 123 NH 83, 86; 455 A2d 1054 (1983), the New Hampshire Supreme Court stated:

> The case law uniformly interprets this section and substantially similar provisions as rendering unenforceable, as against public policy, all contractual provisions which do not allow a national banking association to discharge its officers at will without incurring liability for breach of contract.

We hold that the National Bank Act preempts state law in the area of wrongful discharge and precludes plaintiff from making a *Toussaint*-based[3] claim for damages against the bank. Accordingly, plaintiff's breach of contract claim against the bank must fail.

We then turn to plaintiff's tort claims for negligence and failure to exercise good faith. With respect to the cause of action for negligence, plaintiff states in his complaint:

> 16. Defendants, having established the policies and undertaken the obligations owed to plaintiff as terms and conditions of his employment, as previously set forth in this First Amended Complaint, owed to plaintiff a duty to perform such policies and such obligations in a reasonably prudent manner.

With respect to the cause of action for failure to

---

[3] *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980).

exercise good faith, plaintiff states in his complaint:

> 17. Defendants, having established the policies and undertaken the obligations owed to plaintiff as terms and conditions of his employment, as previously set forth in this First Amended Complaint, owed to plaintiff a duty to perform such policies and such obligations in good faith towards plaintiff.

We held above that the bank could not contract to employ its officers other than at the pleasure of the bank's board of directors. It follows, therefore, that the bank could not assume a duty to perform a contract calling for discharge only for cause. Accordingly, plaintiff's remaining claims against the bank must also fail. The trial court properly granted summary judgment in favor of the bank, pursuant to GCR 1963, 117.2(1).

The trial court erred, however, in granting summary judgment in favor of the holding company. The National Bank Act does not govern national holding companies. The National Bank Holding Company Act, 12 USC 1841 *et seq.,* does not contain a provision similar to § 24 of the National Bank Act. Thus, we do not believe state law is preempted with respect to employment practices of bank holding companies. In his complaint, plaintiff states that he was employed by the holding company from 1972, the year it was formed, through June 30, 1982. Plaintiff states that he was led to believe, by the holding company's actions and policies, that his employment would not be terminated "except for performance or behavior not keeping with defendant's standards." Plaintiff claims that he relied on said policy of employment, and that the holding company had a duty to perform said policy in a reasonably prudent man-

ner and in good faith towards plaintiff. Accepting plaintiff's allegations as true, we cannot say that plaintiff's claims against the holding company are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. Therefore summary judgment pursuant to Rule 117.2(1) was improperly granted.

The holding company also sought summary judgment pursuant to Rule 117.2(3). A motion for summary judgment under this subrule tests whether there is factual support for the claim. When passing upon a motion based on Rule 117.2(3), the court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336; 356 NW2d 20 (1984). The holding company argues that it cannot be held liable for breach of contract, negligence or a failure to exercise good faith because the bank, and not the holding company, was plaintiff's employer.

As the party opposing summary judgment, plaintiff had the burden of showing that a genuine issue of disputed fact exists. *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985). Giving the benefit of reasonable doubt to plaintiff, we must determine whether the kind of record which might be developed would leave open an issue upon which reasonable minds might differ. *Id.* This Court is liberal in finding a genuine issue of material fact. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973).

The issue in this case is whether plaintiff was an employee of the holding company. In his brief in opposition to the holding company's motion for summary judgment, plaintiff claimed that the following facts support his claim that he was an employee of the holding company:

1. In addition to his regular compensation paid by the bank, plaintiff received bonuses from the holding company;

2. The holding company administered plaintiff's benefits plan;

3. Plaintiff performed work for several of the holding company's subsidiary banks in addition to the instant bank and was the auditor of all the subsidiary banks;

4. Plaintiff received an employee manual entitled: "American National Holding Company Employee Handbook"; and

5. Plaintiff received a letter of termination from the senior vice president of the holding company.

We believe these facts give rise to a genuine issue of material fact, that is: whether plaintiff was an employee of the holding company. Therefore, we conclude that the holding company was not entitled to summary judgment pursuant to Rule 117.2(3). Plaintiff's claims against the holding company were erroneously dismissed.

Affirmed in part; reversed in part. Plaintiff's claims against the holding company are reinstated.