ERIKSEN v FISHER

Docket Nos. 83514, 87026. Submitted March 3, 1987, at Lansing.
Decided February 17, 1988.

Edward P. and Bonnie Eriksen were the owners of an undivided
one-half interest in a parcel of real property. Donna Fisher was
the owner of the other undivided one-half interest in the
property. On August 30, 1976, the Eriksens, being indebted to
Eugene H. Towner, executed a mortgage in the amount of
$50,000 in favor of Towner on their interest in the property.
The mortgage provided for payment of interest at ten percent
per annum while the Eriksens were not in default. If the
Eriksens were in default in making a payment for a period of
thirty days, the interest rate would increase to twelve percent
per annum from the time of the default until all sums in
default were fully paid. The Eriksens defaulted and Towner
began foreclosure proceedings. A sheriff's sale was held and
Towner purchased the Eriksens' interest in the property. Three
days before expiration of the redemption period, the Eriksens
filed suit against Donna Fisher and Eugene H. Towner in
Cheboygan Circuit Court claiming inter alia that the twelve
percent interest rate on the mortgage was usurious and that
interest collected by defendant Towner therefore should be
applied to a reduction of the principal. The court, Lowell R.
Ulrich, J., entered judgment in favor of defendant Towner,
finding that the twelve percent interest rate was not a finance
charge, but rather a late charge, and therefore was not viola-
tive of Michigan law. Plaintiffs appealed to the Court of Ap-
peals. A week later, plaintiffs filed in the trial court a motion to
stay the execution of the judgment and the running of the
period of redemption. The court granted a temporary stay

REFERENCES

Am Jur 2d, Appeal and Error §§ 47 *et seq.*; 292 *et seq.*

Am Jur 2d, Interest and Usury §§ 18 *et seq.*; 63 *et seq.*

Validity and construction of provision imposing "late charge" or
similar exaction for delay in making periodic payments on note,
mortgage, or instalment sale contract. 63 ALR3d 50.

Time from which interest is recoverable on demand note or like
demand instrument containing no provision as to interest. 45
ALR2d 1202.

conditioned on the posting of a surety bond by plaintiffs. Plaintiffs then filed a lis pendens regarding the property in the Court of Appeals. Defendants moved in circuit court for removal of the lis pendens in the Court of Appeals and for imposition of sanctions arising from its filing. The court ordered plaintiffs to terminate the lis pendens and to take no other action to cloud defendants' title to the property. The court also ordered plaintiffs and their attorney to pay defendants the actual costs incurred as a result of the filing of the lis pendens, a sum of $693. Plaintiffs appealed from this order. Plaintiffs' two appeals have been consolidated.

The Court of Appeals *held:*

1. The twelve percent interest rate provision upon default is a late charge, not part of the finance charge. The escalation of the interest rate from ten percent to twelve percent does not make the mortgage note usurious. The trial court did not err in granting defendant Towner's motion for summary judgment on this issue.

2. Plaintiffs did not file a timely appeal from the May 28, 1985, order in which the trial court ordered plaintiffs to terminate the lis pendens in the Court of Appeals. Plaintiffs therefore may not now challenge that order.

3. Plaintiffs did not object, as required by the court rules, to the proposed court order of August 1, 1985, awarding defendants $693 in attorney fees. Plaintiffs' failure to object at the appropriate time to the proposed order precludes appellate review of their claim that the award of attorney fees was improper.

Affirmed.

D. E. HOLBROOK, JR., J., dissented as to the affirmance of the order awarding defendants attorney fees and costs. He would exercise the Court of Appeals' discretion to excuse the failure to correctly invoke the jurisdiction of the Court of Appeals as to the May 28, 1985, order of the trial court so that the Court could address the question of whether an order awarding costs but deferring the fixing of the amount of those costs is final. He would also treat the second claim of appeal, erroneously taken from the order setting the amount of costs, as an application for leave, which he would then grant in order to review the trial court's erroneous exercise of jurisdiction following the first claim of appeal. He would reverse the award of costs without prejudice to defendants' rights to renew their challenge to the lis pendens and their motion for costs and attorney fees.

1. MORTGAGES — INTEREST — LATE CHARGES — USURY.

   A provision in a mortgage note that the normal ten percent per

annum interest rate would increase to twelve percent per annum if the mortgagor was in default for a period of thirty days and would continue at twelve percent per annum until all sums in default were fully paid does not violate the Michigan usury law; the additional interest is not a finance charge, but a late charge.

2. MOTIONS AND ORDERS — APPEAL.

A court order is appealable as of right when it affects with finality rights of the parties.

3. MOTIONS AND ORDERS — APPEAL — TIMELINESS.

An appeal as of right from a court order must be taken to the Court of Appeals within twenty-one days after entry of the order (MCR 7.101[B][1][a], 7.204[A][1][a]).

4. MOTIONS AND ORDERS — PROPOSED ORDERS — PRESERVING QUESTION.

The failure of a party to object to a proposed court order as permitted by the court rules precludes appellate review of the order (MCR 2.602[B][3]).

5. APPEAL — PRESERVING QUESTION.

An issue is not preserved for appeal if it is not raised in the trial court, unless the claim is necessary to a proper determination of the case, the claim involves a question of law for which all facts have been presented, or manifest injustice would result.

*Peter Patrick, P.C.* (by *Peter Patrick*), for plaintiffs.

*Simpson & Moran, P.C.* (by *Lawrence P. Hanson*), for Eugene H. Towner.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

HOOD, P.J. On February 15, 1985, after a bench trial in the Cheboygan Circuit Court, the court entered judgment in favor of defendants dismissing plaintiffs' complaint and holding that a mortgage note executed by the parties was not usurious. On August 1, 1985, the court entered an order

---

* Circuit judge, sitting on the Court of Appeals by assignment.

awarding $693 in actual costs to defendant Towner for his costs associated with challenging a lis pendens filed by plaintiffs. Plaintiffs appeal as of right from both orders, and the appeals were consolidated by this Court.

Plaintiffs were the owners of an undivided one-half interest in a parcel of real property located in Nunda Township, Cheboygan County. The property was used as a hunting camp and was known to plaintiffs as the "deer property." Defendant Fisher was the owner of the other undivided one-half interest in the property. On August 30, 1976, plaintiffs, who were indebted to defendant Towner (hereinafter defendant), executed a mortgage in the amount of $50,000 in favor of defendant on the deer property. The mortgage provided for payment of interest at a rate of ten percent per annum while plaintiffs were not in default. The mortgage stated that if plaintiffs were in default in making payment for a period of thirty days, the interest rate would increase to twelve percent per annum from the time of the default until all sums in default were fully paid. Plaintiffs executed a second mortgage for $25,000; this mortgage note is not at issue in this appeal.

Plaintiffs' last payment on the mortgage notes before defaulting was made on January 19, 1981. On September 16, 1983, defendant began foreclosure on the mortgages by way of advertising and recording a notice of mortgage sale. The sale was conducted on October 21, 1983, and the plaintiffs' interest in the property was bought by defendant. A sheriff's deed on the undivided one-half interest was executed to defendant. On October 18, 1984, three days before the expiration of the one-year redemption period, plaintiffs filed a complaint in the circuit court. In the complaint, plaintiffs claimed inter alia that the twelve percent interest

rate on the mortgage was usurious and, therefore, that interest collected by defendant should be applied to a reduction of the principal.

On December 17, 1984, defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10). In an order dated January 15, 1985, the trial court granted summary judgment to defendant as to plaintiffs' claim of usury; the trial court found that the twelve percent interest rate provided for in the August 30, 1976, mortgage was not a finance charge, but rather a late charge, and therefore was not violative of Michigan law. After plaintiffs' remaining claims challenging the foreclosure were brought to trial, the court entered judgment for defendants on all of plaintiffs' claims. In the judgment, the court reaffirmed its grant of summary judgment for defendant on the usury claim. On March 7, 1985, plaintiffs appealed to this Court. On March 15, plaintiffs filed in the trial court a motion to stay the execution of the judgment and the running of the period of redemption. On April 19, 1985, the trial court ordered that plaintiffs be granted a temporary stay expiring on April 17, 1985, unless a $105,000 surety bond was posted by plaintiffs.

In the meantime, on April 2, 1985, plaintiffs filed a notice of lis pendens in this Court regarding the deer property. The notice advised the public of litigation pending in this Court concerning the property. On May 20, 1985, defendant made a motion in the trial court for removal of the lis pendens and for the imposition of sanctions arising from its filing. A hearing on the motion was conducted on May 28, 1985. Following arguments of counsel, the trial court ruled that plaintiffs would be ordered to terminate the lis pendens and to take no other action to cloud defendant's title.

In making this ruling, the trial court noted that plaintiffs had not attempted to redeem the property and had not filed the stay bond. The court stated that it believed the lis pendens was filed in order to subvert the trial court's order regarding the stay bond. The court ruled that it would order the plaintiffs and plaintiffs' attorney to pay the actual costs incurred by defendant as a result of the lis pendens. An order conforming with the court's rulings was entered on May 28, 1985. On August 1, 1985, the court entered an order awarding $693 in actual costs to defendant. Plaintiffs filed a timely appeal as of right from this order.

On appeal, plaintiffs first claim that the trial court erred in granting summary judgment to defendant and dismissing their claim that the August 30, 1976, mortgage note violated Michigan's usury statute, MCL 438.31 *et seq.*; MSA 19.15(1) *et seq.* Defendant's motion for summary judgment was made pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted, and GCR 1963, 117.2(3), no genuine issue as to any material fact. Because the trial court, in granting the motion, considered the documentary evidence before it, i.e., the August 30, 1976, mortgage, as well as the pleadings, it is apparent that the court granted summary judgment based upon GCR 1963, 117.3, now MCR 2.116(C)(10).

A motion for summary judgment under GCR 1963, 117.2(3) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of the doubt to the nonmoving party, the court must determine whether any genuine issue of disputed fact exists. If there is no genuine issue as to any disputed fact and the moving party

is entitled to judgment as a matter of law, the motion should be granted. *Ambro v American National Bank & Trust Co of Michigan,* 152 Mich App 613, 620; 394 NW2d 46 (1986); *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985). The parties in the instant case are in agreement as to the provisions of the August 30, 1976, mortgage; their only dispute is whether the mortgage note is usurious as a matter of law. Therefore, there is no genuine issue of a material fact. Thus, if the mortgage was not usurious as a matter of law and defendant was entitled to judgment, the trial court properly granted summary judgment.

The mortgage note contained the following language:

> . . . with interest from date hereof at the rate of ten per cent per annum while the mortgagor is not in default in making the payments herein provided, and if in default in making such payments for a period of thirty days, then at the rate of 12% per annum from the time of such default until all sums in default are fully paid.

MCL 438.31; MSA 19.15(1) contains the general provision as to the interest rate legally permissible in Michigan. It provides in pertinent part:

> The interest of money shall be at the rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum.

MCL 438.31c; MSA 19.15(1c) sets forth exceptions to this general usury provision, including

exceptions with regard to indebtedness secured by a lien against real property. The subsections pertinent to this case are as follows:

> (2) The parties to a note, bond, or other evidence of indebtedness, executed after August 11, 1969, the bona fide primary security for which is a first lien against real property, or a land lease if the tenant owns a majority interest in the improvements thereon, or the parties to a land contract, may agree in writing for the payment of any rate of interest, but the note, mortgage,contract, or other evidence of indebtedness shall not provide that the rate of interest initially effective may be increased for any reason whatsoever. . . .
>
> * * *
>
> (5) The provisions of subsection (2) shall apply only to loans made by lenders approved as a mortgagee under the national housing act, chapter 847, 48 Stat. 1246, or regulated by the state, or by a federal agency, who are authorized by state or federal law to make such loans.
>
> (6) Notwithstanding subsection (5), lenders or vendors not qualified to make loans under subsection (5) may make, or may have made, mortgage loans and land contracts specified in subsection (2) on or after August 16, 1971, which mortgage loans and land contracts provide for a rate of interest not to exceed 11% per annum, which interest shall be inclusive of all amounts defined as the "finance charge" in the truth in lending act, 15 USC 1601 to 1667e, and the regulations promulgated under that act.

Plaintiffs claim that the subsection (2) prohibition against increasing the rate of interest initially effective was violated by the provision in the August 30, 1976, mortgage note providing for an initial interest rate of ten percent per annum which would increase to twelve percent per annum in the event the mortgagors were in default. This

position is without merit. Subsection (5) states that the provisions in subsection (2) apply only to specified regulated lenders. In *Patel v Holland,* 114 Mich App 340; 319 NW2d 553 (1982), lv den 417 Mich 926 (1983), we held that the nonescalation provision of subsection (2) does not apply to land contracts and mortgages between natural persons entered into pursuant to the provisions of subsection (6). *Patel, supra,* p 346. Thus, the escalation of the interest rate from ten percent to twelve percent does not make the instant mortgage note usurious, and the only question is whether the mortgage note violates the provision of subsection (6) which requires that the maximum allowable eleven percent interest rate "be inclusive of all amounts defined as the 'finance charge' in the truth in lending act, 15 USC 1601 to 1667e, and the regulations promulgated under that act." If the additional one percent interest rate over eleven percent imposed upon default in the instant case is a "finance charge" as defined in the federal Truth in Lending Act and its regulations, the note is usurious; if not a finance charge, the note is not usurious.

15 USC 1605(a) sets forth the definition of finance charge:

> Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction. Examples of charges which are included in the finance charge include any of the following types of charges which are applicable:

(1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges.

(2) Service or carrying charge.

(3) Loan fee, finder's fee, or similar charge.

(4) Fee for an investigation or credit report.

(5) Premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

Therefore, since the twelve percent rate was imposed as interest incident to the extension of credit, that charge would be a finance charge under the Truth in Lending Act unless specifically exempted.

Such an exemption is found in 12 CFR 226.4(c)(2) (1987), which provides:

The following charges are not finance charges:

* * *

(2) Charges for actual unanticipated late payment, for exceeding a credit limit, or for delinquency, default, or a similar occurrence.

Two Attorney General opinions have recently addressed this issue. In OAG, 1981-1982, No. 5904, p 199 (May 15, 1981), the Attorney General concluded that, in land contracts entered into between two persons, a late payment charge of four percent does not constitute interest subject to the statutory interest rate ceiling if such charge is imposed for actual unanticipated late payment, delinquency, default, or other such occurrence. Even more on point with the instant case, in OAG 1986, No. 6338, p 217 (Jan 23, 1986), the Attorney General concluded that in land contracts entered into between two persons, where the interest rate is eleven percent before default and twelve percent upon default, the twelve percent interest rate

upon default was a late charge and not in violation of subsection (6). We believe that an additional interest provision such as the instant one which goes into effect only upon default is a charge for "actual unanticipated late payment" and, thus, not a part of the finance charge. The additional two percent goes into effect only if payments are late, and late payments are not normally anticipated. Thus, consistent with the opinions of the Attorney General, we believe that the twelve percent interest rate provision upon default is a late charge, not part of the finance charge, and not proscribed by subsection (6). The trial court did not err in granting defendant's motion for summary judgment.

Since we conclude that the note was not usurious, we need not address defendant's claim that the loan came within MCL 438.61(3); MSA 19.15(71)(3) as a business loan for which the parties may agree to a rate of interest up to fifteen percent or defendant's claim that plaintiffs' complaint was barred by laches.

Next, plaintiffs claim that because the lis pendens was filed in this Court, the trial court did not have jurisdiction to cancel the notice of lis pendens and to award defendant his costs incurred in challenging the lis pendens. In response, defendant argues that since plaintiffs did not appeal from the May 28, 1985, order in which the trial court ordered plaintiffs to remove the lis pendens, but instead appealed only from the August 1, 1985, order awarding defendant $693 in attorney fees, plaintiffs may only challenge the amount of fees awarded to defendant.

MCR 7.203(A)(1), formerly GCR 1963, 806, states:

> The court has jurisdiction of an appeal of right filed by an aggrieved party from

(1) *a final judgment or final order* of the circuit court, court of claims, and recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court. . . . [Emphasis added.]

The test of whether an order is final and thus appealable is whether it affects with finality rights of the parties. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397-398; 256 NW 460 (1934); *Gherardini v Ford Motor Co,* 394 Mich 430, 431; 231 NW2d 643 (1975). The May 28, 1985, order stated:

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiffs shall set aside immediately the previously filed Lis Pendens on the property . . . .

Plaintiffs are ordered to hereafter file no further documents, pleadings, notices of any type, or take any other such action with the purpose or effect of clouding Defendants' title to said premises.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs shall jointly with Plaintiffs' counsel, Peter Patrick, P.C., pay to Defendant the actual attorney fees and costs in preparing said motion and appearing for the hearing, in addition to all actual costs incurred as a result of the Plaintiffs' filing the Lis Pendens.

We feel that this order did affect with finality rights of the parties and thus was appealable as of right. MCR 7.204(A)(1)(a) and MCR 7.101(B)(1)(a), formerly GCR 1963, 802.1, 803.1 and GCR 1963, 701.2(a)(1), provide that in order to vest this Court with jurisdiction, an appeal as of right must be taken within twenty-one days after entry of the order appealed from. Plaintiffs did not appeal as of right from the May 28, 1985, order or file an application for leave to appeal. Thus, this Court

did not acquire jurisdiction over an appeal from the order. We agree with defendant that plaintiffs may not challenge the May 28, 1985, order.

Plaintiffs did, however, appeal in a timely manner from the August 1, 1985, order awarding defendant $693 in attorney fees. On appeal of this order, plaintiffs argue that the court abused its discretion in awarding $693 because (1) according to MCL 600.2725(4); MSA 27A.2725(4) only costs and expenses, not attorney fees, are allowed, (2) the attorney fees were incurred for other services besides defending against the lis pendens, and (3) the statute does not provide for the attorney to be jointly obligated with the party for the costs.

In accordance with the court's order awarding defendant his costs, defendant fashioned a proposed order awarding $693 for attorney fees, and sent this proposed order to plaintiffs pursuant to MCR 2.602(B)(3), formerly GCR 1963, 522.1(2). The record reveals that plaintiffs did not object to the order, as required by the court rule. Thus, we find that plaintiffs may not now challenge the award. Plaintiffs were bound to object to the order in the trial court, and not having done so, they are precluded from raising this issue on appeal. It is well established that an issue is not preserved for appeal if it is not raised in the trial court, unless the claim is necessary to a proper determination of the case, the claim involves a question of law for which all facts have been presented, or manifest injustice would result. *Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981). We feel that none of the exceptions apply in this case.

The judgment of the trial court is affirmed.

M. R. Stempien, J. concurred.

D. E. Holbrook, Jr., J. *(concurring in part and*

*dissenting in part)* I concur with the holding of the panel affirming summary judgment on plaintiffs' usury claim, but I dissent from the affirmance of the order awarding defendants attorney fees and costs, which the majority premises upon plaintiffs' failure to perfect in timely fashion an appeal in accordance with MCR 7.203(A)(1).

The majority concludes that the order of May 28, 1985, requiring the setting aside of the lis pendens and the imposition of costs, was final and that the failure of plaintiffs to claim an appeal from that order deprives this Court of jurisdiction to review the merits of the trial court's underlying decision. In so deciding, the majority omits any mention of its discretion to overlook technical deficiencies in appellate practice and to proceed to review the merits of even an improperly presented claim. In *Guzowski v Detroit Racing Ass'n, Inc,* 130 Mich App 322, 324-327; 343 NW2d 536 (1983), another panel of this Court engaged in appellate review on the merits of the claim presented, notwithstanding that the plaintiff erroneously claimed an appeal as of right from a nonfinal order. The panel held that the manner in which the appellant invoked appellate review was strictly a matter of procedure and that a defect in the filing of a claim of appeal need not preclude appellate review in every instance. "The problem posed here does not go to this Court's power or authority to render judgment in a class of cases but, rather, concerns merely how this Court should respond when a litigant seeks review of a circuit court order by one method when the litigant should have sought review by another method and where it is undisputed that this Court does, in fact, have the legal authority to resolve the underlying merits of the action." *Id.,* pp 325-326. I agree with this reasoning and therefore conclude that this Court is

vested with the discretion to excuse the failure to correctly invoke the jurisdiction of this Court. See also MCR 7.216(A)(3), (7).

In the ordinary case, I would be very reluctant to exercise this discretion. However, the instant case presents a difficult and somewhat obscure question of whether an order awarding costs but deferring the fixing of the amount of those costs is final; the failure of the appellate attorney to recognize and correctly resolve this question is understandable if not excusable. More fundamentally, I am persuaded that a more egregious error was committed in the trial court, namely, the erroneous conduct of proceedings after the filing of the first claim of appeal in the matter vested jurisdiction in this Court. The resolution of the majority will allow this error to go uncorrected, leaving the unfortunate, albeit unintended, impression that such procedures on the trial court level are to be condoned. This same defect flawed both the order of May 28, 1985 (awarding costs), and the order of August 1, 1985 (fixing costs in the amount of $693). For these reasons, I would treat the second claim of appeal filed in this case, erroneously taken from the order setting the amount of costs, as an application for leave, which I would then grant in order to review the trial court's erroneous exercise of jurisdiction.

The filing of a claim of appeal vests jurisdiction in the Court of Appeals and, conversely, divests the circuit court of its jurisdiction to conduct further proceedings, except as otherwise permitted by MCR 7.208. See *Moffit v Sederlund,* 145 Mich App 1, 7; 378 NW2d 491 (1985), lv den 425 Mich 860 (1986). MCR 7.208 provides in pertinent part:

> (A) Limitations. After a claim of appeal is filed or leave to appeal is granted, the trial court or

tribunal may not set aside or amend the judgment or order appealed from except by order of the Court of Appeals, by stipulation of the parties, or as otherwise provided by law.

(B) Correction of Defects. Except as otherwise provided by rule and until the record is filed in the Court of Appeals, the trial court or tribunal has jurisdiction

(1) to grant further time to do, properly perform, or correct any act in the trial court or tribunal in connection with the appeal that was omitted or insufficiently done, other than to extend the time for filing a claim of appeal or for paying the entry fee or to allow delayed appeal . . . .

In *Vallance v Brewbaker,* 161 Mich App 642, 647-648; 411 NW2d 808 (1987), this Court, in construing the foregoing court rule, reversed the trial court's decision to award costs and attorney fees after an appeal as of right was taken from an order of summary disposition, concluding that the trial court lacked jurisdiction to proceed once the claim of appeal removed the matter to this Court. I agree and would, based on MCR 7.208, reverse the award of costs without prejudice to defendants' right to renew their challenge to the lis pendens and their motion for costs and attorney fees.