RILEY v 36TH DISTRICT COURT JUDGE

Docket No. 125161. Submitted April 8, 1992, at Detroit. Decided July 6, 1992, at 10:00 A.M.

Robert E. Riley brought an action in the Wayne Circuit Court against 36th District Court Judge John Cozart and others, alleging various tort and constitutional claims pertaining to his real property. The court, Richard D. Kaufman, J., granted summary disposition for the defendants and imposed sanctions on the plaintiff for objecting to the proposed order of summary disposition on the basis of the substance of the court's ruling instead of the order's conformity with the ruling. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff, by failing to file a timely appeal of right or delayed application for leave to appeal from the order of summary disposition, has waived appellate review of his claim that summary disposition was granted erroneously.

2. Under MCR 2.602, objections to the entry of a proposed order are limited to the order's conformity with the court decision that gave rise to the order. However, because the court rule does not expressly provide that such objections are limited to form and because a prior opinion of the Court of Appeals can be construed to imply that objections are not limited to form, the trial court in this case erred in determining that the plaintiff abused the court rules and in imposing sanctions.

Reversed.

MOTIONS AND ORDERS — PROPOSED ORDERS —OBJECTIONS.

An objection to the entry of a proposed order must be based on the order's conformity with the decision or ruling that gave rise to the order; an objection that relates to the substance of the decision or ruling is more properly raised in a motion for rehearing or for reconsideration (MCR 2.602).

Robert E. Riley, in propria persona.

REFERENCES
Am Jur 2d, Trial § 1999.
See the Index to Annotations under Objections and Exceptions.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Brian D. Devlin,* Assistant Attorney General, for the defendants.

Before: BRENNAN, P.J., and MACKENZIE and T. M. BURNS,* JJ.

BRENNAN, P.J. Plaintiff appeals as of right from a January 2, 1990, opinion and order imposing sanctions against him for interference with the entry of the court's order. Plaintiff brought suit alleging various tort and constitutional violations related to his real property. The trial court granted summary disposition to all defendants and imposed sanctions upon plaintiff. We reverse the order awarding sanctions.

Plaintiff first argues that the court erred in granting defendants summary disposition. However, plaintiff did not file a claim of appeal from the December 13, 1989, order granting summary disposition within twenty-one days as required by MCR 7.204(A)(1)(a). Plaintiff filed a claim of appeal on January 16, 1990. Nor did plaintiff file a delayed application for leave to appeal that order as provided under MCR 7.205(F)(1). Consequently, the issue is not before us.

Plaintiff further argues that the court erred in imposing sanctions against him. The trial court imposed $500 in sanctions against plaintiff after finding that he abused the court rules by trying to object to the substance of the court's prior decision in his objections to the proposed order, instead of discussing the conformity of the proposed order with the court's decision. We agree that objections under MCR 2.602 are intended to be limited to form. MCR 2.602(B)(2) provides that "[t]he court

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision." See also *Saba v Gray,* 111 Mich App 304, 310; 314 NW2d 597 (1981). Moreover, we note that parties have an opportunity to move for rehearing or reconsideration under MCR 2.119(F). However, nowhere in the language of MCR 2.602 does it specifically state that objections are limited to form. Moreover, at least one panel of this Court has found that failure to object to the merits of an order under MCR 2.602 waives appellate review of that issue. See *Eriksen v Fisher,* 166 Mich App 439, 451; 421 NW2d 193 (1988). The implication of that holding is that objections under MCR 2.602 are not limited to form. We disagree with that holding. Nevertheless, in view of the language of the court rule and the conflicting decisions by this Court, we believe that even an attorney would have difficulty determining whether objections under MCR 2.602 are limited to form. In this case, plaintiff, a law school graduate but not a licensed attorney, was appearing in propria persona. Accordingly, we find that the trial court clearly erred in finding that plaintiff abused the court rules and in imposing the sanctions. *Contel Systems Corp v Gores,* 183 Mich App 706, 711; 455 NW2d 398 (1990).

Reversed.