SEABROOK v MICHIGAN NATIONAL CORPORATION

Docket No. 143793. Submitted February 10, 1994, at Lansing. Decided April 22, 1994; approved for publication July 25, 1994, at 9:20 A.M.

Tricia Seabrook brought an action in the Ingham Circuit Court against Michigan National Corporation, alleging violation of various statutory rights, civil conspiracy, invasion of privacy, tortious interference with a business relationship, and breach of an implied contract in connection with the termination of her employment as a vice president of Michigan National Bank, a subsidiary of the defendant. The court, Peter D. Houk, J., granted summary disposition for the defendant, finding that the record failed to support the plaintiff's assertion that she was an employee of the defendant. The plaintiff appealed.

The Court of Appeals *held:*

Because federal banking regulations prohibit a bank holding company from acting as a principal in dealings with third parties so as to benefit a subsidiary bank, and because it is clear that the plaintiff dealt with third parties to the benefit of Michigan National Bank, the plaintiff, as a matter of law, was an employee of the bank rather than the defendant, a conclusion that is also supported overwhelmingly by the facts on the record. Accordingly, the court properly concluded that there was no basis for the plaintiff's claims against the defendant.

Affirmed.

*Frederick V. Greene,* for the plaintiff.

*Thomas J. Guyer,* for the defendant.

Before: GRIFFIN, P.J., and CAVANAGH and H. A. KOSELKA,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendant's motion

* Circuit judge, sitting on the Court of Appeals by assignment.

for summary disposition in this wrongful discharge case. We affirm.

Plaintiff, Tricia Seabrook, was hired by Michigan National Bank (MNB) in 1978. In 1986, she became a senior sales representative in the cash management division, and in 1987 she was appointed second vice president of MNB. Her job responsibilities included selling a bank service to other companies.

In July 1988, plaintiff resigned from her position with MNB. On September 28, 1989, she filed suit against MNB for wrongful discharge and negligent evaluation. The action was dismissed with prejudice. On October 19, 1990, plaintiff filed a second wrongful discharge suit against MNB, which was also dismissed. On March 15, 1991, plaintiff filed the instant action against defendant, Michigan National Corporation (MNC), alleging violations of the Civil Rights Act, MCL 37.2101 et seq.; MSA 3.548(101) et seq., and the Michigan Handicappers' Civil Rights Act, MCL 37.1101 et seq.; MSA 3.550(101) et seq., civil conspiracy, invasion of privacy, tortious interference with a business relationship, and breach of an implied contract.

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), asserting that plaintiff's employer was MNB and, therefore, that she had no claims against defendant MNC. The court granted the motion. This appeal followed.

The only issue properly before this Court is whether the trial court erred in determining that there was no genuine issue of material fact with respect to whether defendant was plaintiff's employer. In reviewing a grant of summary disposition, we must give the benefit of reasonable doubt to the nonmovant and determine independently whether a record might be developed that would

leave open an issue upon which reasonable minds could differ. *Farm Bureau Mutual Ins Co v Stark,* 437 Mich 175, 184-185; 468 NW2d 498 (1991).

It is not disputed that defendant is a bank holding company that is regulated by Federal Reserve Regulation Y. 12 CFR 225.1 *et seq.* That regulation permits a holding company to perform certain personnel and accounting services for its subsidiaries, but prohibits it from acting as a principal in dealing with third parties. In other words, defendant cannot enter into contracts with third parties to benefit MNB.

In this case, plaintiff was clearly acting as an agent for MNB in dealing with third parties. If plaintiff was an employee of defendant, she would have been prohibited by Regulation Y from entering into contracts with third parties. Thus, as a matter of law, plaintiff must have been an employee of MNB and not of MNC.

The factual evidence also overwhelmingly supports the conclusion that plaintiff was an employee of MNB and not an employee of defendant MNC. Plaintiff initially filed suit against MNB, alleging it was her employer. Her letterhead and business card indicated that she worked for the cash management division of MNB. MNC was named on plaintiff's pay stubs and W-2 forms merely in its capacity as paying agent for MNB. This case is thus distinguishable from *Ambro v American Nat'l Bank & Trust Co of Mich,* 152 Mich App 613; 394 NW2d 46 (1986), where there was a genuine issue of fact concerning whether the plaintiff was an employee of the holding company. *Id.* at 621.

Giving the benefit of reasonable doubt to plaintiff, there is no foundation for her asserting this claim against defendant, and summary disposition was properly granted.

Affirmed.