# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS and DESMOND WHITE,

        Plaintiffs-Appellants,

and

ANDREW A. PATERSON,

        Appellant,

v

WAYNE COUNTY CLERK, WAYNE COUNTY
ELECTION COMMISSION, DETROIT CITY
CLERK, and PENELOPE BAILER,

        Defendants-Appellees.

UNPUBLISHED
September 11, 2018

No. 339200
Wayne Circuit Court
LC No. 16-012226-AW

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs and appellant, Andrew A. Paterson,[1] appeal as of right a June 21, 2017 judgment entered against them following the entry of orders in October 2016 imposing sanctions against appellants and requiring them to pay costs and attorney fees to defendants. The June 21, 2017 judgment was entered because appellants failed to pay costs and attorney fees that they were required to pay pursuant to the October 2016 orders imposing sanctions against them. We affirm.

Appellants present arguments on appeal challenging the award of sanctions. We conclude that the issues raised by appellants are not properly before this Court. "This Court reviews de novo the scope of this Court's jurisdiction." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 445; 861 NW2d 303 (2014).

---

[1] We will refer to plaintiffs and Paterson collectively as "appellants."

Defendant Detroit City Clerk's (City Clerk) appellee brief argues that this Court lacks jurisdiction because appellants did not file a timely appeal from the October 2016 orders and that the subsequent judgment entered on June 21, 2017, did not give rise to a new right of appeal. The City Clerk is incorrect in stating that appellants failed to file a timely appeal from the October 2016 orders. Such an appeal was filed but was then dismissed for failure to pay the necessary entry fees. *Davis v Wayne Co Clerk*, unpublished order of the Court of Appeals, entered December 21, 2016 (Docket No. 335673). But the City Clerk's main point is that the entry of the June 21, 2017 judgment does not "give rise to a new right of appeal."

The June 21, 2017 judgment is a "final order." It meets the definition under MCR 7.202(6)(a)(iv), because it is a "postjudgment order awarding or denying attorney fees and costs . . . ." As such, this Court has jurisdiction over this appeal of the June 21, 2017 judgment.

The City Clerk's argument may be viewed as a challenge to the issues that are properly before this Court. With respect to postjudgment orders granting attorney fees, the appeal is "limited to the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). Here, appellants are attempting to use the appeal of the June 21, 2017 judgment as a means of challenging the October 2016 orders. Those October 2016 orders were also final orders inasmuch as they were also postjudgment orders granting attorney fees and costs, including setting the amount of the awards. See *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 165-167; 712 NW2d 731 (2005). By arguing that the trial court erred in determining that the complaint was frivolous, appellants are in effect challenging the substance of the October 2016 orders. "When a final order is entered, a claim of appeal from that order must be timely filed. A party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). In an appeal from the subsequent final order, issues relating to the earlier order are not properly before this Court. *Id.* See also *Eriksen v Fisher*, 166 Mich App 439, 449-451; 421 NW2d 193 (1988) (where the appellants failed to appeal a final order, the appellants could not challenge the order in an appeal from a subsequent order).

Appellants did not perfect an appeal from the October 2016 orders. This Court does not now have jurisdiction over an appeal from those orders, and therefore, appellants may not challenge those orders in the present appeal. Appellants' challenges to the October 2016 sanctions orders are not properly before this Court, and this Court lacks jurisdiction to address those claims. *Surman*, 277 Mich App at 293-294; *Eriksen*, 166 Mich App at 450-451. Although this Court possesses jurisdiction with respect to any issues related to the June 21, 2017 judgment from which this appeal arises, appellants have raised no issues related to the June 21, 2017 judgment. Appellants have thus articulated no basis on which they would be entitled to appellate relief with respect to the judgment being appealed. See *City of Riverview v Sibley Limestone*, 270 Mich App 627, 638; 716 NW2d 615 (2006) ("[A] party's failure to brief an issue that necessarily must be reached precludes appellate relief."); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (noting that when an appellant fails to dispute the basis of a trial court's ruling, this Court need not even consider granting relief to the appellant). We therefore affirm because appellants have failed to raise any issue related to the June 21, 2017 judgment from which this appeal arises, and their arguments regarding sanctions are related to the October 2016 orders and as such are not properly before this Court in the present appeal.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien